James "Tucker" Hansen, Bar No. 5711
Morgan L. Cummings, Bar No. 12482
HANSEN WRIGHT EDDY & HAWS, P.C.
233 South Pleasant Grove Blvd., Ste. 202
Pleasant Grove, Utah 84062
Telephone: (801) 443-2380
Facsimile: (801) 796-0984
e-mail: thansen@centralutahlaw.com
       mcummings@centralutahlaw.com

*Attorneys for Defendants*

## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>**RONALD AND MARY BAILEY,**<br><br>Debtors. | Bankruptcy Case No. 10-29128<br><br>Chapter 13 |
| **RONALD AND MARY BAILEY,**<br><br>Plaintiffs,<br><br>vs.<br><br>**CONSTRUCTION CAPITAL LENDING, INC., HANSEN WRIGHT EDDY & HAWS, P.C., KASEY WRIGHT, MORGAN CUMMINGS, and DOES 1-20,**<br><br>Defendants. | Adversary Proceeding No. 10-02613<br><br>**MOTION FOR SUMMARY JUDGMENT** |

The Defendants, Construction Capital Lending, Inc. ("CCL"), Hansen Wright Eddy &

Haws, P.C. ("HWEH"), Kasey Wright ("Mr. Wright"), and Morgan Cummings ("Mr.

Cummings"), (collectively, "Defendants"), by and through their counsel of record, HANSEN

1

WRIGHT EDDY & HAWS, P.C., pursuant to FED. R. CIV. P. 7 and 56, which are incorporated into this adversary proceeding by FED. R. BANKR. P. 7007 and 7056, hereby move the Court for Summary Judgment.[1] This Motion is made on the basis that there is no genuine issue as to any material fact and that, as a matter of law, the Defendants are entitled to Summary Judgment in their favor.

This Motion is supported by, and based upon, Defendant's Memorandum in Support.

A hearing has been scheduled in this matter for June 17, 2011 at 10:00 a.m., and a separate Notice of Hearing has been filed concurrently herewith. However, said hearing may be stricken, and relief granted as requested by the Defendants herein, if no opposition is filed within twenty-one (21) days from the date of this Motion.

DATED this 17th day of May, 2011.

HANSEN WRIGHT EDDY & HAWS, P.C.

/s/ Morgan L. Cummings
JAMES "TUCKER" HANSEN
MORGAN L. CUMMINGS
*Attorneys for Defendants*

---

[1] The Debtors have filed another adversary proceeding against the same Defendants (Case No. 10-02647), which is addressed in a separate Motion for Summary Judgment filed in that case.

2

## MAILING CERTIFICATE

I hereby certify that the foregoing **MOTION** was served electronically via CM/ECF on the 17th day of May, 2011, to the following:

Brian W. Steffensen
ECF NOTIFICATION

/s/ Morgan L. Cummings

James "Tucker" Hansen, Bar No. 5711
Morgan L. Cummings, Bar No. 12482
HANSEN WRIGHT EDDY & HAWS, P.C.
233 South Pleasant Grove Blvd., Ste. 202
Pleasant Grove, Utah 84062
Telephone: (801) 443-2380
Facsimile: (801) 796-0984
e-mail: thansen@centralutahlaw.com
         mcummings@centralutahlaw.com

*Attorneys for Defendants*

## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **In re:**<br><br>**RONALD AND MARY BAILEY,**<br><br>Debtors. | Bankruptcy Case No. 10-29128<br><br>Chapter 13 |
| **RONALD AND MARY BAILEY,**<br><br>Plaintiffs,<br><br>vs.<br><br>**CONSTRUCTION CAPITAL LENDING, INC., HANSEN WRIGHT EDDY & HAWS, P.C., KASEY WRIGHT, MORGAN CUMMINGS, and DOES 1-20,**<br><br>Defendants. | Adversary Proceeding No. 10-02613<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

The Defendants, Construction Capital Lending, Inc. ("CCL"), Hansen Wright Eddy &

Haws, P.C. ("HWEH"), Kasey Wright ("Mr. Wright"), and Morgan Cummings ("Mr.

Cummings"), (collectively, "Defendants"), by and through their counsel of record, HANSEN

1

WRIGHT EDDY & HAWS, P.C., pursuant to FED. R. CIV. P. 7 and 56, which are incorporated into this adversary proceeding by FED. R. BANKR. P. 7007 and 7056, hereby submit this Memorandum in Support of their Motion for Summary Judgment.

## STATEMENT OF RELEVANT FACTS

1.    Prior to the Debtors' Chapter 13 Petition, the Defendant, CCL, had obtained a Judgment against the Debtors in Third District Court for the State of Utah (Case No. 090901940) ("Lawsuit").   *See*, Affidavit of Scott Chappell, ¶ 3, attached hereto as Exhibit "A" and incorporated herein by this reference. *See also*, Affidavit of Morgan L. Cummings, ¶ 1, attached hereto as Exhibit "B" and incorporated herein by this reference. *See also*, Affidavit of Kasey L. Wright, ¶ 1, attached hereto as Exhibit "C" and incorporated herein by this reference.

2.    The Defendants, Mr. Wright, Mr. Cummings, and HWEH, represented CCL in the Lawsuit against the Debtors. *See*, Exhibits "A", ¶ 4, "B", ¶ 1, and "C", ¶ 1.

3.    Prior to the Debtors' Chapter 13 Petition, the Defendants had applied for, and obtained, multiple Writs of Garnishment pursuant to the CCL's Judgment against the Debtors. *See,* Writs of Garnishment, attached hereto as Exhibits "D" through "H", respectively, and incorporated herein by this reference. *See also*, Exhibits "B", ¶ 5, and "C", ¶ 5.

4.    Prior to Debtors' Chapter 13 Petition, the Writs of Garnishment had been sent for service upon the various banks, credit unions, and employers, and many, if not all, of said garnishees were holding the proper garnishments. *See*, Exhibits "B" at ¶ 6, and "C" at ¶ 6.

5.    In fact, the Debtors state in their Complaint that the reason they chose to file their Chapter 13 Petition was because of these garnishments. *See*, Complaint, ¶ 8, on file herein.

2

6.      Subsequently, on July 7, 2010, the Debtors filed their Chapter 13 Petition (which was ultimately dismissed on September 23, 2010). *See,* Court Docket for Case No. 10-29128.

7.      Debtors' counsel sent Mr. Cummings an e-mail that same evening in an attempt to notify the Defendants of the Debtors' recent bankruptcy, and requesting that any garnished funds be returned directly to the Debtors. *See,* e-mail, attached hereto as Exhibit "I" and incorporated herein by this reference. *See also,* Exhibit "B", ¶¶ 7-8.

8.      However, Mr. Cummings was out of the office on vacation during the week of July 4-10, and did not have access to his e-mails, voice mails, or facsimiles. Therefore, neither Mr. Cummings, nor any of the other Defendants, were aware of the Debtors' Chapter 13 Petition. *See,* Exhibit "B" at ¶¶ 9-10.

9.      Each time that Mr. Cummings is scheduled to be away from the office for more than one (1) day without access to his e-mails, voice mails, or facsimiles, Mr. Cummings has an automated response sent from his e-mail account which notifies senders of Mr. Cummings' absence and inability to access his e-mail, voice mail, etc. Mr. Cummings also leaves a similar message on his telephone's answering machine to warn any callers of the absence. *See, Id.* at ¶¶ 11-12.

10.     Presumably because the Debtors and their counsel received an automated message from Mr. Cummings' e-mail account (as referenced in ¶ 7, above), the Debtors and their counsel sent Mr. Wright an e-mail the next afternoon (on July 8, 2010), in an attempt to notify the Defendants of the Debtors' Chapter 13 Petition, and to request the return of the garnishments directly to the Debtors. *See,* e-mail thread, attached hereto as Exhibit "J" and incorporated

3

herein by this reference. *See also*, Exhibit "C", ¶¶ 7-8.

11.      Consequently, the Defendants were first made aware of the Debtors' Chapter 13 Petition on July 8, 2010. *See*, Exhibit "J". *See also*, Debtors' Complaint, ¶ 9, on file herein.

12.      In response to the Debtors' July 8, 2010 e-mail, Mr. Wright responded that he was unsure of whether the garnished funds should be returned directly to the Debtors, or whether the funds should be delivered to the Trustee over the Debtors' bankruptcy. *See*, Exhibit "J". *See also*, Exhibit "C", ¶¶ 9-11.

13.      Mr. Wright also responded that he would begin looking into the issue to resolve the matter, and provide a response as soon as possible. *See*, *Id*. *See also*, Exhibit "J".

14.      Mr. Wright immediately wrote to the Trustee over the Debtors' bankruptcy, Kevin R. Anderson, explaining the situation, and stated "[w]hat I am uncertain of, and therefore requesting your input as Trustee on this case, is my obligation to release the funds back to the debtors or to release the funds to you as Trustee. I would greatly appreciate your response as soon as possible so I can release the funds to the appropriate person." *See*, Letter dated July 8, 2010, attached hereto as Exhibit "K" and incorporated herein by this reference. *See also*, Exhibit "C", ¶¶ 12-13.

15.      Mr. Wright, Mr. Cummings, and HWEH also made numerous calls to the Trustee's office, seeking direction as to the proper individual(s) to whom the garnishments should be released. *See*, Exhibits "B" at ¶ 13, and "C" at ¶ 14.

16.      Notwithstanding Defendants' numerous attempts to contact the Trustee, the Defendants never received a response, nor were the Defendants otherwise able to determine

4

where the garnished funds should be directed. *See*, Exhibits "B" at ¶ 14, and "C" at ¶ 15.

17.     Finally, on July 14, 2010 (only four (4) business days after being notified of Debtors' Chapter 13 Petition), the Defendants were able to speak with a representative from the Trustee's office, who explained that the funds would not be released to the Trustee. *See*, Exhibit "B" at ¶ 15.

18.     Out of an abundance of caution, the Defendants immediately contacted all of the garnishees and instructed them to release the garnishments to the Debtors. *See*, Exhibit "B" at ¶ 16. *See also*, Affidavit of Karen Greenig, ¶ 3, attached hereto as Exhibit "L" and incorporated herein by this reference

19.     However, because the Writs of Garnishment were signed and issued by the Court, the various garnishees requested a formal Release of Garnishment from the Defendants before they would release the garnishments to the Debtors. *See*, Exhibits "B" at ¶ 17, and "L" at ¶ 3.

20.     Consequently, the Defendants drafted a Release of Garnishment and sent the same to the various garnishees that same day (July 14, 2010), and filed said Release with the Court in person the very next day. *See*, Release of Garnishment, attached hereto as Exhibit "M" and incorporated herein by this reference. *See also*, Exhibits "B" at ¶ 18, and "L" at ¶ 4.

21.     Therefore, only four (4) business days after being notified of the Debtors' Chapter 13 Petition, the Defendants had done everything they could possibly do to have the garnishees release the garnished funds to the Debtors. *See*, Exhibit "B" at ¶ 19.

22.     Upon being notified by the Debtors that some of the garnishees still had not released the garnished funds, the Defendants made multiple additional calls to said garnishees

5

and re-sent the Release of Garnishment to the same multiple times, over the next few following weeks. *See*, Exhibit "L" at ¶ 5. *See also*, Exhibit "B", ¶ 20.

23.   Based upon the foregoing facts, the Debtors have filed the instant adversary proceeding against the Defendants, incorrectly alleging that "the defendants did not timely direct the release of the garnishments. Rather they claimed that they could direct that the garnished funds be turned over to the Chapter 13 trustee." Complaint, ¶ 10, on file herein.

24.   However, based upon the foregoing material incontrovertible facts, the Defendants now move for Summary Judgment and respectfully request the Court to dismiss the Debtors' Complaint with prejudice.

## STANDARD AND INTRODUCTION

"Federal Rule of Bankruptcy Procedure 7056 makes summary judgment appropriate when, after consideration of the record, the Court determines that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *In re Crocker Companies, Inc.*, 03-22839, 2006 WL 4846389 (Bankr. D. Utah Feb. 10, 2006) (internal quotations and citations omitted)(attached hereto as Exhibit "N"). "There is no genuine issue of fact [w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *See*, *Id*. (alteration in original, internal quotations and citations omitted).

In responding to a properly plead Motion for Summary Judgment, "the nonmoving party may not rest upon allegations or denials in its pleading, but must set forth specific facts showing there is a genuine issue for trial." *See*, *In re Bedrock Mktg., LLC*, 404 B.R. 929, 934 (Bankr. D.

6

Utah 2009). *See also*, FED. R. CIV. P. 56(e). "A conclusory allegation is insufficient to establish an issue of fact under Rule 56." *In re C.W. Mining Co.*, 442 B.R. 44, 47 (Bankr. D. Utah 2010). "Genuine issues of material fact are established only by admissible evidence." *In re Christensen*, 251 B.R. 441 (B.A.P. 10th Cir. 1999).

While the summary judgment standard requires the Court to "view the facts in the light most favorable to the non-moving party, it does not require us to make unreasonable inferences in favor of the non-moving party." *Carney v. City and County of Denver,* 534 F.3d 1269, 1276 (10th Cir.2008). "[D]isputes about immaterial facts will not preclude summary judgment." *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). "If the nonmoving party's evidence is "merely colorable, or is not significantly probative, summary judgment may be granted." *In re Bedrock Mktg., LLC, supra.*

In the present case, the pleadings, affidavits, exhibits, admissions, and other documents on file herein show that there is no genuine issue as to any material fact with respect to the allegations and causes of action raised in the Debtors' Complaint. Therefore, based upon the applicable law of this case, in addition to the pleadings, affidavits, and admissions on file herein, the Defendants are entitled to Judgment as a matter of law and the Debtors' Complaint should be dismissed with prejudice.

///

[ CONTINUED ON NEXT PAGE ]

7

## ARGUMENT

## I.   THE DEFENDANTS HAVE NOT VIOLATED THE AUTOMATIC STAY.

The automatic stay provisions of the Bankruptcy Code ("automatic stay") provide that:

> "a petition filed under section 301, 302, or 303 of this title…operates as a stay, applicable to all entities, of –
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor…;
>
> (2) the enforcement, against the debtor, or against property of the estate, of a judgment obtained before the commencement of the case under this title;
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
>
> (4) "any act to create, perfect, or enforce any lien against property of the estate;
>
> (5) any act to create, perfect, or enforce against property of the debtor any lien…;
>
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;
>
> (7) the setoff of any debt owing to the debtor…; and
>
> (8) the commencement or continuation of a proceeding before the United States Tax Court concerning a corporate debtor's tax liability…"

11 U.S.C. § 362(a). Consequently, the automatic stay expressly contemplates situations in which a creditor is attempting to take some type of action against the debtor, the debtor's property, or the debtor's bankruptcy estate. More particularly, "the policy underlying the automatic stay is to protect the debtor's estate from 'the chaos and wasteful depletion resulting from multifold, uncoordinated and possibly conflicting litigation.'" *In re Curtis*, 40 B.R. 795, 799 (Bankr. D. Utah 1984) (emphasis added) (citing *In re Frigitemp Corp.*, 8 B.R. 284, 289 (S.D.N.Y. 1981)).

8

In the present case, the Defendants simply have not engaged in any activity which would constitute a violation of the automatic stay. The material incontrovertible facts of this case evidence that *prior* to the Debtors' Chapter 13 Petition, the Defendants obtained and served various Writs of Garnishment pursuant to Defendants' Judgment against the Debtors. Moreover, *prior* to the Debtors' Chapter 13 Petition, the various garnishees were already holding said garnishments. In fact, the Debtors state this as their reason for needing to file a Chapter 13 Petition. *See*, Complaint, ¶ 8, on file herein. As a matter of law, any such action taking place prior to the Debtors' Chapter 13 Petition cannot constitute a violation of the automatic stay.

Moreover, immediately upon being notified of the Debtors' Chapter 13 Petition, the Defendants ceased pursuing the garnishments, as well as all other collection efforts. In fact, not only did the Defendants cease pursuing the garnishments, but the Defendants actually took immediate and affirmative steps to have the garnishments released after being notified of the proper party to whom they should be released. For example, the Defendants immediately attempted to contact the Trustee over Debtors' bankruptcy, and continued their attempts to contact the Trustee numerous times until they (the Defendants) were finally able to speak with the Trustee. Furthermore, immediately upon being notified that the funds should not be released to the Trustee, the Defendants contacted the various garnishees and instructed them to release all of the garnishments. When the garnishees explained that they would not release the garnishments without an official release, the Defendants immediately drafted and sent such a Release of Garnishment to the garnishees. Moreover, rather than mail the Release of

9

Garnishment to the Court, the Defendants hand-delivered the Release to the Court in an effort to expedite the filing process.   In fact, only four (4) business days after being notified of the Debtors' Chapter 13 Petition, the Defendants had done everything they could to have the garnished funds released to the Debtors.   In addition to the foregoing, when the Defendants were notified that some of the garnishees still had not released the garnishments, the Defendants once again contacted the garnishees multiple times and instructed them to release the garnished funds to the Debtors.

Consequently, once the Defendants were notified of the Debtors' Chapter 13 Petition, the Defendants no longer sought to "commence[] or continu[e]…a judicial, administrative, or other action or proceeding against the debtor." 11 U.S.C. § 362(a)(1).  Nor did the Defendants seek to further "enforce[], against the debtor, or against property of the estate, a judgment." *Id*. at (a)(2). Nor did the Defendants seek to further "obtain possession of property of the estate." *Id*. at (a)(3). Nor did the Defendants engage in, or continue, any other activity prohibited by 11 U.S.C. § 362(a)(1), or "the policy underlying the automatic stay [which] is to protect the debtor's estate from 'the chaos and wasteful depletion resulting from multifold, uncoordinated and possibly conflicting litigation.'"  *In re Curtis*, 40 B.R. at 799.   Rather, the Defendants did just the opposite, by moving quickly to determine what they should do under the circumstances, and quickly did everything they could to have the garnishments released to the Debtors within four business days of being notified of the Debtors' Chapter 13 Petition.

This case is similar to *In re Bryner*, BANKR. 07-23795, 2009 WL 2485756 (Bankr. D.

10

Utah Aug. 11, 2009) (attached hereto as Exhibit "O"). In *Bryner*, the defendant-garnishee was retaining funds which had been garnished from the debtor prior to the debtor's chapter 13 petition, pending a resolution of the proper party to whom said funds should be released. The U.S. Bankruptcy Court for the District of Utah held that it was "not aware of any cases in which a garnishee's postpetition retention of funds garnished prepetition pending resolution of a dispute over entitlement to those funds was held to constitute a stay violation under any subsection of § 362(a)." *In re Bryner*, 2009 WL 2485756 at *2. The Court further held that:

> "[i]t must be remembered that this is not a case where a party has failed to cease garnishing funds postpetition, to halt postpetition garnishment proceedings, or to retun funds that were garnished postpetition; this case involves only a garnishee's postpetition retention of funds garnished prepetition pending resolution of the parties' dispute over entitlement to those funds."

*Id*. at * 3. "Accordingly...the Court finds that the Defendant has not committed a willful violation of the automatic stay." *Id*.

Therefore, because the Defendants have done nothing to violate the automatic stay, the Defendants' Complaint must necessarily fail. Consequently, the Court should grant Defendants' Motion for Summary Judgment and dismiss the Debtors' Complaint with prejudice.

In addition to the foregoing, in the event Debtors argue that the garnished funds were not timely returned by the garnishees, the Debtors' arguments must fail. Specifically, the Defendants served the Writs of Garnishment upon Wells Fargo Bank, Jordan Credit Union, Granite Credit Union, Jordan School District, and Granite School District. *See*, Exhibits "D"

11

through "H". However, as established above, the Defendants also timely contacted the foregoing garnishees and instructed them to release the garnishments, and sent said garnishees a Release of Garnishment within four business days of being notified of the Chapter 13 Petition (and on the same day the Trustee indicated that the garnishments should not be released to the Trustee). Whether the aforementioned garnishees subsequently released the garnished funds was out of the Defendants' control as said garnishees are not employees, agents, subsidiaries, or otherwise controlled by the Defendants.   Any further delay in returning the garnished funds must be attributable solely to the garnishees, and not to the Defendants.  Simply stated, "the Defendant[s] did everything that could be expected of [them] under either state or federal law." *In re Bryner*, 2009 WL 2485756 at *3.  Consequently, the Defendants have not violated the automatic stay. Therefore, Defendants' Motion for Summary Judgment should be granted, and Debtors' Complaint should be dismissed with prejudice.

## CONCLUSION

Based upon the foregoing, the Defendants have not violated the automatic stay. Consequently, the Defendants respectfully request this Court to grant Defendants' Motion for Summary Judgment and to dismiss the Debtors' Complaint with prejudice.

A hearing has been scheduled in this matter for June 17, 2011 at 10:00 a.m., and a separate Notice of Hearing has been filed concurrently herewith.  However, said hearing may be stricken, and relief granted as requested by the Defendants herein, if no opposition is filed within

12

twenty-one (21) days.

DATED this 17th day of May, 2011.

HANSEN WRIGHT EDDY & HAWS, P.C.

/s/ Morgan L. Cummings
JAMES "TUCKER" HANSEN
MORGAN L. CUMMINGS
*Attorneys for Defendants*

## MAILING CERTIFICATE

I hereby certify that the foregoing **MEMORANDUM**, with its accompanying Exhibits, was served electronically via CM/ECF on the 17th day of May, 2011, to the following:

Brian W. Steffensen
ECF NOTIFICATION

/s/ Morgan L. Cummings

# EXHIBIT A

James "Tucker" Hansen, Bar No. 5711
Morgan L. Cummings, Bar No. 12482
HANSEN WRIGHT EDDY & HAWS, P.C.
233 South Pleasant Grove Blvd., Ste. 202
Pleasant Grove, Utah 84062
Telephone: (801) 443-2380
Facsimile: (801) 796-0984
e-mail: thansen@centralutahlaw.com
        mcummings@centralutahlaw.com

*Attorneys for Defendants*

## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 10-29128 |
| **RONALD AND MARY BAILEY,** | |
| Debtors. | Chapter 13 |
| **RONALD AND MARY BAILEY,** | Adversary Proceeding No. 10-02613 |
| Plaintiffs, | |
| vs. | **AFFIDAVIT OF SCOTT CHAPPELL** |
| **CONSTRUCTION CAPITAL LENDING, INC., HANSEN WRIGHT EDDY & HAWS, P.C., KASEY WRIGHT, MORGAN CUMMINGS, and DOES 1-20,** | |
| Defendants. | |

| | |
|---|---|
| STATE OF UTAH | ) |
| | :ss |
| COUNTY OF UTAH | ) |

SCOTT CHAPPELL, being first duly sworn upon his oath, deposes and says that:

1

1.     I am a Utah resident over 18 years of age, and I am the president of Construction Capital Lending ("CCL"), a named defendant in the above-captioned case.

2.     In such capacity, I am personally familiar with the facts and circumstances giving rise to this case, as well as the testimony provided in this Affidavit.

3.     On or about February 5, 2009, CCL brought an action against the Debtors, Ronald and Mary Bailey, in the Third District Court for the State of Utah to recover damages from the Debtors for their breach of a promissory note with CCL.

4.     Kasey L. Wright, Morgan L. Cummings, and the firm of Hansen Wright Eddy & Haws, P.C., represented CCL in the lawsuit referenced in Paragraph 3, above.

5.     CCL obtained a Judgment in said lawsuit against the Debtors.

DATED this _17ᵗʰ_ day of May, 2011.

_____
SCOTT CHAPPELL

SUBSCRIBED AND SWORN to before me this _17_ day of May, 2011.

Notary Public
KAREN GREENIG
Commission # 574274
My Commission Expires
May 9, 2012
State of Utah

_____
NOTARY PUBLIC

2

# EXHIBIT  B

James "Tucker" Hansen, Bar No. 5711
Morgan L. Cummings, Bar No. 12482
HANSEN WRIGHT EDDY & HAWS, P.C.
233 South Pleasant Grove Blvd., Ste. 202
Pleasant Grove, Utah 84062
Telephone:  (801) 443-2380
Facsimile: (801) 796-0984
e-mail: thansen@centralutahlaw.com
        mcummings@centralutahlaw.com

*Attorneys for Defendants*

## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **In re:** | |
| **RONALD AND MARY BAILEY,** | Bankruptcy Case No. 10-29128 |
| Debtors. | Chapter 13 |
| **RONALD AND MARY BAILEY,** | Adversary Proceeding No. 10-02613 |
| Plaintiffs, | |
| vs. | **AFFIDAVIT OF MORGAN CUMMINGS** |
| **CONSTRUCTION CAPITAL LENDING, INC., HANSEN WRIGHT EDDY & HAWS, P.C., KASEY WRIGHT, MORGAN CUMMINGS, and DOES 1-20,** | |
| Defendants. | |

STATE OF UTAH      )
                   :ss
COUNTY OF UTAH     )

MORGAN CUMMINGS, being first duly sworn upon his oath, deposes and says that:

1

1.     I am a licensed member of the Utah State Bar, and I represent the Defendant, Construction Capital Lending, Inc. ("CCL"), in a case filed by CCL in the Third District Court for the State of Utah (Case No. 090901940) ("Lawsuit").

2.     I am also a named defendant in the above-entitled matter.

3.     In such capacities, I am personally familiar with the facts and circumstances surrounding the present dispute between the parties hereto, as well as the testimony provided herein.

4.     CCL obtained a Judgment against the Debtors in the Lawsuit.

5.     Prior to the Debtors' Chapter 13 Petition, I had applied for, and obtained, multiple Writs of Garnishment on behalf of CCL. Said Writs of Garnishment are attached as Exhibits "D" through "H" to the Defendants' Memorandum in Support of Motion for Summary Judgment in the instant action.

6.     Prior to the Debtors' Chapter 13 Petition, the Writs of Garnishment had been sent for service upon the various banks, credit unions, and employers, and many, if not all, of said garnishees were holding the proper garnishments.

7.     Debtors' counsel sent me an e-mail on July 7, 2010 in an attempt to notify my clients and me of the Debtors' recent bankruptcy, and requesting that any garnished funds be returned directly to the Debtors.

8.     A copy of said e-mail is attached as Exhibit "I" to the Defendants' Memorandum in Support of Motion for Summary Judgment in the instant action.

9.     However, I was out of the office on vacation during the week of July 4-10, and

2

did not have access to his e-mails, voice mails, or facsimiles.

10.     Therefore, neither I, nor any of the other Defendants, were aware of the Debtors' Chapter 13 Petition.

11.     Each time that I am scheduled to be away from the office for more than one (1) day without access to my e-mails, voice mails, or facsimiles, I have an automated response sent from my e-mail account which notifies senders of my absence and inability to access my e-mail, voice mail, etc.

12.     I also leave a similar message on my telephone's answering machine to warn any callers of my absence.

13.     However, when I returned to the office from vacation on July 12, 2010, I began making numerous calls to the Trustee's office, seeking direction as to the proper individual(s) to whom the garnishments should be released.

14.     Notwithstanding my numerous attempts to contact the Trustee, I never received a response, nor was I otherwise able to determine where the garnished funds should be directed.

15.     Finally, on July 14, 2010, I was able to speak with a representative from the Trustee's office, who explained that the funds would not be released to the Trustee.

16.     Out of an abundance of caution, my secretary, Karen Greenig, and I immediately contacted all of the garnishees and instructed them to release the garnishments to the Debtors.

17.     However, because the Writs of Garnishment were signed and issued by the Court, the various garnishees requested a formal Release of Garnishment from our office before they would release the garnishments to the Debtors.

3

18. Consequently, I signed a Release of Garnishment and had my secretary, Karen Greenig, send the same to the various garnishees that same day (July 14, 2010), and I filed said Release with the Court in person the very next day. A copy of said Release of Garnishment is attached as Exhibit "M" to the Defendants' Memorandum in Support of Motion for Summary Judgment in the instant action.

19. Therefore, only four (4) business days after being notified of the Debtors' Chapter 13 Petition, our office had done everything we could possibly do to have the garnishees release the garnished funds to the Debtors.

20. Additionally, upon being notified by the Debtors' counsel and some of the garnishees that some of the garnishees still had not released the garnished funds, I had my secretary, Karen Greenig, make multiple additional calls to said garnishees and re-send the Release of Garnishment to the same multiple times, over the next few following weeks.

DATED this ___ day of May, 2011.

_____
MORGAN L. CUMMINGS

SUBSCRIBED AND SWORN to before me this _17_ day of May, 2011.



_____
NOTARY PUBLIC

Notary Public
KAREN GREENIG
Commission # 574274
My Commission Expires
May 9, 2012
State of Utah

4

# EXHIBIT C

James "Tucker" Hansen, Bar No. 5711
Morgan L. Cummings, Bar No. 12482
HANSEN WRIGHT EDDY & HAWS, P.C.
233 South Pleasant Grove Blvd., Ste. 202
Pleasant Grove, Utah 84062
Telephone: (801) 443-2380
Facsimile: (801) 796-0984
e-mail: thansen@centralutahlaw.com
        mcummings@centralutahlaw.com

*Attorneys for Defendants*

## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 10-29128 |
| **RONALD AND MARY BAILEY,** | |
| Debtors. | Chapter 13 |
| **RONALD AND MARY BAILEY,** | Adversary Proceeding No. 10-02613 |
| Plaintiffs, | |
| vs. | **AFFIDAVIT OF KASEY WRIGHT** |
| **CONSTRUCTION CAPITAL LENDING, INC., HANSEN WRIGHT EDDY & HAWS, P.C., KASEY WRIGHT, MORGAN CUMMINGS, and DOES 1-20,** | |
| Defendants. | |

STATE OF UTAH      )
                   :ss
COUNTY OF UTAH     )

KASEY WRIGHT, being first duly sworn upon his oath, deposes and says that:

1

1.    I am a licensed member of the Utah State Bar, and I represent the Defendant, Construction Capital Lending, Inc. ("CCL"), in a case filed by CCL in the Third District Court for the State of Utah (Case No. 090901940) ("Lawsuit").

2.    I am also a named defendant in the above-entitled matter.

3.    In such capacities, I am personally familiar with the facts and circumstances surrounding the present dispute between the parties hereto, as well as the testimony provided herein.

4.    CCL obtained a Judgment against the Debtors in the Lawsuit.

5.    Prior to the Debtors' Chapter 13 Petition, I had applied for, and obtained, multiple Writs of Garnishment on behalf of CCL. Said Writs of Garnishment are attached as Exhibits "D" through "H" to the Defendants' Memorandum in Support of Motion for Summary Judgment in the instant action.

6.    Prior to the Debtors' Chapter 13 Petition, the Writs of Garnishment had been sent for service upon the various banks, credit unions, and employers, and many, if not all, of said garnishees were holding the proper garnishments.

7.    The Debtors' counsel sent me an e-mail on July 8, 2010 in an attempt to notify my clients and me of the Debtors' Chapter 13 Petition, and to request the return of the garnishments directly to the Debtors.

8.    A copy of the e-mail I received from Debtors' counsel is attached as Exhibit "J" to the Defendants' Memorandum in Support of Motion for Summary Judgment in the instant action.

9.     In response to Debtors' counsel's July 8, 2010 e-mail, I responded that I was unsure of whether the garnished funds should be returned directly to the Debtors, or whether the funds should be delivered to the Trustee over the Debtors' bankruptcy.

10.     Consequently, I informed Debtors' counsel that I would begin looking into the issue to resolve the matter, and reply as soon as possible.

11.     A copy of the e-mail I sent to Debtors' counsel is also attached as Exhibit "J" to the Defendants' Memorandum in Support of Motion for Summary Judgment in the instant action.

12.     I immediately wrote to the Trustee over the Debtors' bankruptcy, Kevin R. Anderson, explaining the situation, and stated "[w]hat I am uncertain of, and therefore requesting your input as Trustee on this case, is my obligation to release the funds back to the debtors or to release the funds to you as Trustee. I would greatly appreciate your response as soon as possible so I can release the funds to the appropriate person."

13.     A copy of the letter which I sent to the Trustee is attached as Exhibit "K" to the Defendants' Memorandum in Support of Motion for Summary Judgment in the instant action.

14.     I also had my associate, Morgan Cummings, place several calls to the Trustee's office in an effort to seek direction as to the proper individual(s) to whom the garnishments should be released.

15.     Notwithstanding our numerous attempts to contact the Trustee, we never received a response, nor were we otherwise able to determine where the garnished funds should be directed.

3

DATED this 17ᵗʰ day of May, 2011.

_Kasey L. Wright_
KASEY L. WRIGHT

SUBSCRIBED AND SWORN to before me this 17ᵗʰ day of May, 2011.

_Dorothy Woodcox_
NOTARY PUBLIC



Notary Public
DOROTHY WOODCOX
Commission # 574933
My Commission Expires
June 30, 2012
State of Utah

4

# EXHIBIT  D

Kasey L. Wright- Bar No. 9169
Morgan L. Cummings - Bar No. 12482
HANSEN WRIGHT EDDY & HAWS, P.C.
233 S. Pleasant Grove Blvd., Ste 202
Pleasant Grove, UT 84062
Telephone:  (801) 443-2380
Facsimile:  (801) 796-0984

*Attorneys for Construction Capital Lending and Mark D. Eddy*

IN THE THIRD JUDICIAL DISTRICT COURT OF SALT LAKE COUNTY

SALT LAKE DEPARTMENT, STATE OF UTAH

| | |
|---|---|
| CONSTRUCTION CAPITAL LENDING, INC, a Utah Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MARY BAILEY and RONALD BAILEY,<br><br>Defendants, | **APPLICATION FOR GARNISHMENT**<br><br>Case No.  090901940<br><br>Judge Sandra N. Peuler |

The Plaintiff hereby applies for a Writ of Garnishment based upon the following:

1. That a Judgment has been entered in the above-entitled action requiring the payment of money.  The remaining amount due on the Judgment is $86,991.11, as of June 29, 2010, plus accruing interest and costs.

2. That the entity sought to be charged as Garnishee is WELLS FARGO BANK, 66 East 1650 North, Provo, Utah.

3. [ ] a.  That said property consists in whole of earnings from personal services.

   [ ] b.  That said property consists in part of earnings from personal services.

   [x] c.  That said property does not consist of earnings from personal service.

DATED this ___ day of June, 2010.

HANSEN WRIGHT EDDY & HAWS, P.C.

MORGAN L. CUMMINGS

Kasey L. Wright- Bar No. 9169
Morgan L. Cummings - Bar No. 12482
HANSEN WRIGHT EDDY & HAWS, P.C.
233 S. Pleasant Grove Blvd., Ste 202
Pleasant Grove, UT 84062
Telephone: (801) 443-2380
Facsimile: (801) 796-0984

*Attorneys for Construction Capital Lending and Mark D. Eddy*

IN THE THIRD JUDICIAL DISTRICT COURT OF SALT LAKE COUNTY

SALT LAKE DEPARTMENT, STATE OF UTAH

| CONSTRUCTION CAPITAL LENDING, INC, a Utah Corporation, | **WRIT OF GARNISHMENT** |
|---|---|
| Plaintiff, | Case No.  090901940 |
| vs. | |
| MARY BAILEY and RONALD BAILEY, | Judge Sandra N. Peuler |
| Defendants, | |
| WELLS FARGO BANK<br>66 East 1650 North<br>Provo, Utah | |

THE STATE OF UTAH TO GARNISHEE:

YOU ARE HEREBY ORDERED AND COMMANDED by the Court to hold, until further order of this Court, and not pay to Defendant all money and other personal property of the Defendant(s) in your possession or under your control, whether now due or hereafter to become due, which are not exempt from execution, up to the amount remaining due on the Judgment or order plus Court approved costs in this matter (or in the case of a prejudgment writ, the amount claimed to be due), being $86,991.11, as of June 29, 2010, plus accruing interest and costs.

YOU ARE REQUIRED to answer the attached questions called interrogatories, and file your answer with the Clerk of the Court within five business days of the date this Writ is served upon you. The address of the Clerk is 450 South State Street, P.O. Box 1860, Salt Lake City, Utah 84114-1860.

You are also required to send a copy of your answers to the Plaintiff at the following address: Morgan L. Cummings, HANSEN WRIGHT EDDY & HAWS, P.C., 233 S. Pleasant Grove Blvd, Ste. 202, Pleasant Grove, UT 84062.

If you fail to answer, the judgment creditor may ask the Court to make you pay the amount you should have withheld.

If you are indebted to or hold property or money belonging to the Defendant, you shall immediately mail by first class mail a copy of the Writ of Garnishment and your answer to the Interrogatories, the Notice of Garnishment and Exemptions and two (2) copies of the Request for Hearing to the Defendant and to anyone else who, according to your records, may have an ownership or other interest in the property or money at the last known address of the Defendant or such other person shown on your records at the time of the service of this Writ. In lieu of mailings, you may hand-deliver a copy of these documents to the Defendant and other persons entitled to copies.

YOU MAY DELIVER to the officer serving this Writ the portion of Defendant(s)' earnings or income to be held as shown by your answers. You will then be relived of further liability in this case unless your answers are successfully disputed. Or, in the alternative, if you do not receive a copy of a request for hearing within twenty (20) days of service of your answer to the interrogatories on the defendant or any other person claiming an interest in the property, you shall pay the money to the plaintiff or plaintiff's attorney. If you receive a copy of a request for hearing within the twenty (20) days, you must hold the money until further order of the Court.

If you do not receive an order from the Court regarding this Writ and the property you held pursuant to the Writ within sixty (60) days after filing your answers to the attached Interrogatories, this Writ shall expire and you may ignore it.

DATED this _30_ day of __June__, 2010.

CLERK OF THE COURT

BY_____
DEPUTY CLERK

# EXHIBIT E

Kasey L. Wright- Bar No. 9169
Morgan L. Cummings - Bar No. 12482
HANSEN WRIGHT EDDY & HAWS, P.C.
233 S. Pleasant Grove Blvd., Ste 202
Pleasant Grove, UT 84062
Telephone: (801) 443-2380
Facsimile: (801) 796-0984

*Attorneys for Construction Capital Lending and Mark D. Eddy*

### IN THE THIRD JUDICIAL DISTRICT COURT OF SALT LAKE COUNTY

### SALT LAKE DEPARTMENT, STATE OF UTAH

| | |
|---|---|
| CONSTRUCTION CAPITAL LENDING, INC, a Utah Corporation, | **APPLICATION FOR GARNISHMENT** |
| Plaintiff, | Case No. 090901940 |
| vs. | |
| MARY BAILEY and RONALD BAILEY, | Judge Sandra N. Peuler |
| Defendants, | |

The Plaintiff hereby applies for a Writ of Garnishment based upon the following:

1. That a Judgment has been entered in the above-entitled action requiring the payment of money. The remaining amount due on the Judgment is $86,991.11, as of June 29, 2010, plus accruing interest and costs.

2. That the entity sought to be charged as Garnishee is JORDAN CREDIT UNION, 9260 South 300 East, Sandra, UT 84070.

3. [ ] a. That said property consists in whole of earnings from personal services.

   [ ] b. That said property consists in part of earnings from personal services.

   [x] c. That said property does not consist of earnings from personal service.

DATED this ___35th___ day of June, 2010.

HANSEN WRIGHT EDDY & HAWS, P.C.

MORGAN L. CUMMINGS

Kasey L. Wright- Bar No. 9169
Morgan L. Cummings - Bar No. 12482
HANSEN WRIGHT EDDY & HAWS, P.C.
233 S. Pleasant Grove Blvd., Ste 202
Pleasant Grove, UT 84062
Telephone:  (801) 443-2380
Facsimile:  (801) 796-0984

*Attorneys for Construction Capital Lending and Mark D. Eddy*

## IN THE THIRD JUDICIAL DISTRICT COURT OF SALT LAKE COUNTY

## SALT LAKE DEPARTMENT, STATE OF UTAH

| | |
|---|---|
| CONSTRUCTION CAPITAL LENDING, INC, a Utah Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MARY BAILEY and RONALD BAILEY,<br><br>Defendants,<br><br>JORDAN CREDIT UNION<br>9260 South 300 East<br>Sandra, UT 84070 | **WRIT OF GARNISHMENT**<br><br>Case No.  090901940<br><br><br>Judge Sandra N. Peuler |

THE STATE OF UTAH TO GARNISHEE:

YOU ARE HEREBY ORDERED AND COMMANDED by the Court to hold, until further order of this Court, and not pay to Defendant all money and other personal property of the Defendant(s) in your possession or under your control, whether now due or hereafter to become due, which are not exempt from execution, up to the amount remaining due on the Judgment or order plus Court approved costs in this matter (or in the case of a prejudgment writ, the amount claimed to be due), being $86,991.11, as of June 29, 2010, plus accruing interest and costs.

YOU ARE REQUIRED to answer the attached questions called interrogatories, and file your answer with the Clerk of the Court within five business days of the date this Writ is served upon you. The address of the Clerk is 450 South State Street, P.O. Box 1860, Salt Lake City, Utah 84114-1860.

You are also required to send a copy of your answers to the Plaintiff at the following address: Morgan L. Cummings, HANSEN WRIGHT EDDY & HAWS, P.C., 233 S. Pleasant Grove Blvd, Ste. 202, Pleasant Grove, UT 84062.

If you fail to answer, the judgment creditor may ask the Court to make you pay the amount you should have withheld.

If you are indebted to or hold property or money belonging to the Defendant, you shall immediately mail by first class mail a copy of the Writ of Garnishment and your answer to the Interrogatories, the Notice of Garnishment and Exemptions and two (2) copies of the Request for Hearing to the Defendant and to anyone else who, according to your records, may have an ownership or other interest in the property or money at the last known address of the Defendant or such other person shown on your records at the time of the service of this Writ. In lieu of mailings, you may hand-deliver a copy of these documents to the Defendant and other persons entitled to copies.

YOU MAY DELIVER to the officer serving this Writ the portion of Defendant(s)' earnings or income to be held as shown by your answers. You will then be relived of further liability in this case unless your answers are successfully disputed. Or, in the alternative, if you do not receive a copy of a request for hearing within twenty (20) days of service of your answer to the interrogatories on the defendant or any other person claiming an interest in the property, you shall pay the money to the plaintiff or plaintiff's attorney. If you receive a copy of a request for hearing within the twenty (20) days, you must hold the money until further order of the Court.

If you do not receive an order from the Court regarding this Writ and the property you held pursuant to the Writ within sixty (60) days after filing your answers to the attached Interrogatories, this Writ shall expire and you may ignore it.

DATED this ___30___ day of ___June___, 2010.

CLERK OF THE COURT

BY _____
DEPUTY CLERK

# EXHIBIT F

Kasey L. Wright- Bar No. 9169
Morgan L. Cummings - Bar No. 12482
HANSEN WRIGHT EDDY & HAWS, P.C.
233 S. Pleasant Grove Blvd., Ste 202
Pleasant Grove, UT 84062
Telephone:  (801) 443-2380
Facsimile:  (801) 796-0984

*Attorneys for Construction Capital Lending and Mark D. Eddy*

IN THE THIRD JUDICIAL DISTRICT COURT OF SALT LAKE COUNTY

SALT LAKE DEPARTMENT, STATE OF UTAH

| | |
|---|---|
| CONSTRUCTION CAPITAL LENDING, INC, a Utah Corporation,<br><br>Plaintiff,<br>vs.<br><br>MARY BAILEY and RONALD BAILEY,<br><br>Defendants, | **APPLICATION FOR GARNISHMENT**<br><br>Case No.  090901940<br><br>Judge Sandra N. Peuler |

The Plaintiff hereby applies for a Writ of Garnishment based upon the following:

1.  That a Judgment has been entered in the above-entitled action requiring the payment of money.  The remaining amount due on the Judgment is $86,991.11, as of June 29, 2010, plus accruing interest and costs.

2.  That the entity sought to be charged as Garnishee is GRANITE CREDIT UNION, 3675 South 900 East, Salt Lake City, UT 84106.

3.  [ ] a.  That said property consists in whole of earnings from personal services.

   [ ] b.  That said property consists in part of earnings from personal services.

   [x] c.  That said property does not consist of earnings from personal service.

DATED this 29th day of June, 2010.

HANSEN WRIGHT EDDY & HAWS, P.C.

MORGAN L. CUMMINGS

Kasey L. Wright- Bar No. 9169
Morgan L. Cummings - Bar No. 12482
HANSEN WRIGHT EDDY & HAWS, P.C.
233 S. Pleasant Grove Blvd., Ste 202
Pleasant Grove, UT 84062
Telephone:  (801) 443-2380
Facsimile:  (801) 796-0984

*Attorneys for Construction Capital Lending and Mark D. Eddy*

IN THE THIRD JUDICIAL DISTRICT COURT OF SALT LAKE COUNTY

SALT LAKE DEPARTMENT, STATE OF UTAH

| | |
|---|---|
| CONSTRUCTION CAPITAL LENDING, INC, a Utah Corporation, | **WRIT OF GARNISHMENT** |
| Plaintiff, | Case No.  090901940 |
| vs. | |
| MARY BAILEY and RONALD BAILEY, | Judge Sandra N. Peuler |
| Defendants, | |
| GRANITE CREDIT UNION<br>3675 South 900 East<br>Salt Lake City, UT 84106 | |

THE STATE OF UTAH TO GARNISHEE:

YOU ARE HEREBY ORDERED AND COMMANDED by the Court to hold, until further order of this Court, and not pay to Defendant all money and other personal property of the Defendant(s) in your possession or under your control, whether now due or hereafter to become due, which are not exempt from execution, up to the amount remaining due on the Judgment or order plus Court approved costs in this matter (or in the case of a prejudgment writ, the amount claimed to be due), being $86,991.11, as of June 29, 2010, plus accruing interest and costs.

YOU ARE REQUIRED to answer the attached questions called interrogatories, and file your answer with the Clerk of the Court within five business days of the date this Writ is served upon you. The address of the Clerk is 450 South State Street, P.O. Box 1860, Salt Lake City, Utah 84114-1860.

You are also required to send a copy of your answers to the Plaintiff at the following address: Morgan L. Cummings, HANSEN WRIGHT EDDY & HAWS, P.C., 233 S. Pleasant Grove Blvd, Ste. 202, Pleasant Grove, UT 84062.

If you fail to answer, the judgment creditor may ask the Court to make you pay the amount you should have withheld.

If you are indebted to or hold property or money belonging to the Defendant, you shall immediately mail by first class mail a copy of the Writ of Garnishment and your answer to the Interrogatories, the Notice of Garnishment and Exemptions and two (2) copies of the Request for Hearing to the Defendant and to anyone else who, according to your records, may have an ownership or other interest in the property or money at the last known address of the Defendant or such other person shown on your records at the time of the service of this Writ. In lieu of mailings, you may hand-deliver a copy of these documents to the Defendant and other persons entitled to copies.

YOU MAY DELIVER to the officer serving this Writ the portion of Defendant(s)' earnings or income to be held as shown by your answers. You will then be relived of further liability in this case unless your answers are successfully disputed. Or, in the alternative, if you do not receive a copy of a request for hearing within twenty (20) days of service of your answer to the interrogatories on the defendant or any other person claiming an interest in the property, you shall pay the money to the plaintiff or plaintiff's attorney. If you receive a copy of a request for hearing within the twenty (20) days, you must hold the money until further order of the Court.

If you do not receive an order from the Court regarding this Writ and the property you held

pursuant to the Writ within sixty (60) days after filing your answers to the attached Interrogatories,

this Writ shall expire and you may ignore it.

DATED this _30_ day of ____June____, 2010.

CLERK OF THE COURT OF UTAH

BY _____

DEPUTY CLERK

# EXHIBIT G

Kasey L. Wright- Bar No. 9169
Morgan L. Cummings - Bar No. 12482
HANSEN WRIGHT EDDY & HAWS, P.C.
233 S. Pleasant Grove Blvd., Ste 202
Pleasant Grove, UT 84062
Telephone: (801) 443-2380
Facsimile: (801) 796-0984

*Attorneys for Construction Capital Lending and Mark D. Eddy*

IN THE THIRD JUDICIAL DISTRICT COURT OF SALT LAKE COUNTY
SALT LAKE DEPARTMENT, STATE OF UTAH

| | |
|---|---|
| CONSTRUCTION CAPITAL LENDING, INC, a Utah Corporation, <br><br> Plaintiff, <br> vs. <br><br> MARY BAILEY and RONALD BAILEY, <br><br> Defendants, <br><br> JORDAN SCHOOL DISTRICT <br> 9361 South 300 East <br> Sandra, UT 84070 <br> Garnishee. | **APPLICATION FOR GARNISHMENT** <br><br> Case No. 090901940 <br><br><br> Judge Sandra N. Peuler |

The Plaintiff hereby applies for a Writ of Garnishment based upon the following:

1. That a Judgment has been entered in the above-entitled action requiring the payment of money. The remaining amount due on the Judgment is $86,991.11, as of June 29, 2010, plus accruing interest and costs.

2. That the entity sought to be charged as Garnishee is JORDAN SCHOOL DISTRICT.

3. [x] a. That said property consists in whole of earnings from personal services.

[ ] b. That said property consists in part of earnings from personal services.

[ ] c. That said property does not consist of earnings from personal service.

DATED this _26th_ day of June, 2010.

HANSEN WRIGHT EDDY & HAWS, P.C.

MORGAN L. CUMMINGS

Kasey L. Wright- Bar No. 9169
Morgan L. Cummings - Bar No. 12482
HANSEN WRIGHT EDDY & HAWS, P.C.
233 S. Pleasant Grove Blvd., Ste 202
Pleasant Grove, UT 84062
Telephone: (801) 443-2380
Facsimile: (801) 796-0984

*Attorneys for Construction Capital Lending and Mark D. Eddy*

## IN THE THIRD JUDICIAL DISTRICT COURT OF SALT LAKE COUNTY
## SALT LAKE DEPARTMENT, STATE OF UTAH

| | |
|---|---|
| CONSTRUCTION CAPITAL LENDING, INC, a Utah Corporation, | **WRIT OF GARNISHMENT** |
| Plaintiff, | Case No.  090901940 |
| vs. | |
| MARY BAILEY and RONALD BAILEY, | Judge Sandra N. Peuler |
| Defendants, | |
| JORDAN SCHOOL DISTRICT 9361 South 300 East Sandra, UT 84070 Garnishee. | |

THE STATE OF UTAH TO GARNISHEE:

YOU ARE HEREBY ORDERED AND COMMANDED by the Court to hold, until further order of this Court, and not pay to Defendant all money and other personal property of the Defendant(s) in your possession or under your control, whether now due or hereafter to become due, which are not exempt from execution, up to the amount remaining due on the Judgment or Order plus Court approved costs in this matter (or in the case of a prejudgment writ, the amount claimed to be due), being $86,991.11 as of June 29, 2010, plus accruing interest and costs.

YOU ARE REQUIRED to answer the attached questions called Interrogatories, and file your Answer with the Clerk of the Court within five business days of the date this Writ is served upon you. The address of the Clerk is 450 South Street, P.O. Box 1860, Salt Lake City, UT 84114. You are also required to send a copy of your answers to the Plaintiff at the following address: Morgan L.

Cummings, HANSEN WRIGHT EDDY & HAWS, P.C. , 233 S. Pleasant Grove Blvd., Suite 202, Pleasant Grove, Utah 84062.

If you fail to answer, the judgment creditor may ask the Court to make you pay the amount you should have withheld.

If you are indebted to or hold property or money belonging to the Defendant, you shall immediately mail by first class mail a copy of the Writ of Garnishment and your answer to the Interrogatories, the Notice of Garnishment and Exemptions and two (2) copies of the Request for Hearing to the Defendant and to anyone else who, according to your records, may have an ownership or other interest in the property or money at the last known address of the Defendant or such other person shown on your records at the time of the service of this Writ. In lieu of mailings, you may hand-deliver a copy of these documents to the Defendant and other persons entitled to copies.

YOU MAY DELIVER to the officer serving this Writ the portion of Defendant(s)' earnings or income to be held as shown by your answers. You will then be relived of further liability in this case unless your answers are successfully disputed. Or, in the alternative, if you do not receive a copy of a request for hearing within twenty (20) days of service of your answer to the interrogatories on the Defendant or any other person claiming an interest in the property, you shall pay the money to the Plaintiff or Plaintiff's attorney. If you receive a copy of a request for hearing within the twenty (20) days, you must hold the money until further order of the court.

If you do not receive an order from the Court regarding this Writ and the property you held pursuant to the Writ within sixty (60) days after filing your answers to the attached Interrogatories, this Writ shall expire and you may ignore it.

DATED this _30_ day of __June__ , 2010.

CLERK OF THE COURT

BY _X̶a̶d̶i̶_____
DEPUTY CLERK

# EXHIBIT  H

Kasey L. Wright- Bar No. 9169
Morgan L. Cummings - Bar No. 12482
HANSEN WRIGHT EDDY & HAWS, P.C.
233 S. Pleasant Grove Blvd., Ste 202
Pleasant Grove, UT 84062
Telephone:  (801) 443-2380
Facsimile:  (801) 796-0984

*Attorneys for Construction Capital Lending and Mark D. Eddy*

### IN THE THIRD JUDICIAL DISTRICT COURT OF SALT LAKE COUNTY
### SALT LAKE DEPARTMENT, STATE OF UTAH

| | |
|---|---|
| CONSTRUCTION CAPITAL LENDING, INC, a Utah Corporation, | **APPLICATION FOR GARNISHMENT** |
| Plaintiff, | Case No.  090901940 |
| vs. | |
| MARY BAILEY and RONALD BAILEY, | Judge Sandra N. Peuler |
| Defendants, | |
| GRANITE SCHOOL DISTRICT 2500 South State Street Salt Lake City, UT 84115 | |
| Garnishee. | |

The Plaintiff hereby applies for a Writ of Garnishment based upon the following:

1. That a Judgment has been entered in the above-entitled action requiring the payment of money.  The remaining amount due on the Judgment is $86,991.11, as of June 29, 2010, plus accruing interest and costs.

2. That the entity sought to be charged as Garnishee is GRANITE SCHOOL DISTRICT.

3. [x] a.  That said property consists in whole of earnings from personal services.

   [ ] b.  That said property consists in part of earnings from personal services.

   [ ] c.  That said property does not consist of earnings from personal service.

DATED this 28th day of June, 2010.

HANSEN WRIGHT EDDY & HAWS, P.C.

MORGAN L. CUMMINGS

Kasey L. Wright- Bar No. 9169
Morgan L. Cummings - Bar No. 12482
HANSEN WRIGHT EDDY & HAWS, P.C.
233 S. Pleasant Grove Blvd., Ste 202
Pleasant Grove, UT 84062
Telephone:  (801) 443-2380
Facsimile:  (801) 796-0984

*Attorneys for Construction Capital Lending and Mark D. Eddy*

IN THE THIRD JUDICIAL DISTRICT COURT OF SALT LAKE COUNTY
SALT LAKE DEPARTMENT, STATE OF UTAH

| | |
|---|---|
| CONSTRUCTION CAPITAL LENDING, INC, a Utah Corporation, | **WRIT OF GARNISHMENT** |
| Plaintiff, | Case No.  090901940 |
| vs. | |
| MARY BAILEY and RONALD BAILEY, | Judge Sandra N. Peuler |
| Defendants, | |
| GRANITE SCHOOL DISTRICT 2500 South State Street Salt Lake City, UT 84115 | |
| Garnishee. | |

THE STATE OF UTAH TO GARNISHEE:

YOU ARE HEREBY ORDERED AND COMMANDED by the Court to hold, until further

order of this Court, and not pay to Defendant all money and other personal property of the

Defendant(s) in your possession or under your control, whether now due or hereafter to become due,

which are not exempt from execution, up to the amount remaining due on the Judgment or Order

plus Court approved costs in this matter (or in the case of a prejudgment writ, the amount claimed

to be due), being $86,991.11 as of June 29, 2010, plus accruing interest and costs.

YOU ARE REQUIRED to answer the attached questions called Interrogatories, and file your

Answer with the Clerk of the Court within five business days of the date this Writ is served upon

you.  The address of the Clerk is 450 South Street, P.O. Box 1860, Salt Lake City, UT 84114.  You

are also required to send a copy of your answers to the Plaintiff at the following address: Morgan L. Cummings, HANSEN WRIGHT EDDY & HAWS, P.C. , 233 S. Pleasant Grove Blvd., Suite 202, Pleasant Grove, Utah 84062.

If you fail to answer, the judgment creditor may ask the Court to make you pay the amount you should have withheld.

If you are indebted to or hold property or money belonging to the Defendant, you shall immediately mail by first class mail a copy of the Writ of Garnishment and your answer to the Interrogatories, the Notice of Garnishment and Exemptions and two (2) copies of the Request for Hearing to the Defendant and to anyone else who, according to your records, may have an ownership or other interest in the property or money at the last known address of the Defendant or such other person shown on your records at the time of the service of this Writ. In lieu of mailings, you may hand-deliver a copy of these documents to the Defendant and other persons entitled to copies.

YOU MAY DELIVER to the officer serving this Writ the portion of Defendant(s)' earnings or income to be held as shown by your answers. You will then be relived of further liability in this case unless your answers are successfully disputed. Or, in the alternative, if you do not receive a copy of a request for hearing within twenty (20) days of service of your answer to the interrogatories on the Defendant or any other person claiming an interest in the property, you shall pay the money to the Plaintiff or Plaintiff's attorney. If you receive a copy of a request for hearing within the twenty (20) days, you must hold the money until further order of the court.

If you do not receive an order from the Court regarding this Writ and the property you held pursuant to the Writ within sixty (60) days after filing your answers to the attached Interrogatories, this Writ shall expire and you may ignore it.

DATED this ___30___ day of ___June___ 2010

CLERK OF THE COURT

BY _____
DEPUTY CLERK

# EXHIBIT I



Morgan Cummings <mcummings@centralutahlaw.com>

# Baileys Chapter 13 Filing

1 message

---

**Brian Steffensen <brian@steffensenlaw.com>**          **Wed, Jul 7, 2010 at 5:42 PM**
To: Morgan Cummings <mcummings@centralutahlaw.com>
Cc: Ronald Bailey <bailey.ron@att.net>, Mary Bailey <mbailey291@gmail.com>

Morgan

The Baileys filed for Chapter 13 Bankrupcty Protection this afternoon.  Please direct that all garnished funds be released immediately.  I believe that any failure to do so would be a violation of the automatic stay.  Thank you.

Brian W. Steffensen,  Consumer Rights Lawyer

**Steffensen Law Office**

448 E 400 S #100

Salt Lake City, Utah 84111

Tel 801 485 3707

Fax 801 485 7140

We Sue Abusive Creditors, Debt Collectors and Credit Bureaus

**We are not your attorneys unless we have a written fee agreement with you**

This e-mail message is intended only for the person to whom it was addressed and may contain attorney-client privileged and confidential information.  If you are not the intended recipient or the person responsible for delivering this e-mail to the intended recipient, or you have received this e-mail in error, please be advised that any dissemination, distribution, or duplication of this email is strictly prohibited.  If you have received this e-mail in error or you would like to OPT-OUT of receiving future emails from this address, please notify us immediately at (801) 485 3707.  You may also email your opt-out request by simply replying to this message and including your request to opt-out of future emails.  Thank you.  ADVERTISING MATERIAL.

---

📄 **20100707. Letter re BK Filing.pdf**
100K

---

# Steffensen ❖ Law ❖ Office

**A Professional Corporation**

Brian W. Steffensen

448 East 400 South, Suite 100
Salt Lake City, Utah 84111
Telephone: (801) 485-3707
Facsimile:  (801) 485-7140

July 7, 2010

Sent via Email or Facsimile

Re:     Chapter 13 Bankruptcy Filing of Ronald and Mary Bailey
        Case No.  10-29128

To Whom It May Concern:

Please be advised that Ronald and Mary Bailey filed a Chapter 13 Bankruptcy petition today. If you hold any assets of the Baileys, you must return them to the Baileys or be subjected to possible violations of the automatic stay.

Please contact this office with any questions.

Sincerely,

Brian W. Steffensen

United States Bankruptcy Court
District of Utah

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below was
filed under Chapter 13 of the United States Bankruptcy Code,
entered on 07/07/2010 at 4:09 PM and filed on 07/07/2010.



**Ronald Bailey**
9909 S. Mumford
Sandy, UT 84094

**Mary Bailey**
9909 S. Mumford
Sandy, UT 84094

The case was filed by the debtor's attorney:

**Brian W. Steffensen**
448 East 400 South
Suite 100
Salt Lake City, UT 84111
(801) 485-3707

The case was assigned case number 10-29128.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited
to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you
attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized.
Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page http://www.utb.uscourts.gov/ or at the Clerk's Office, 350 South
Main #301, Salt Lake City, UT 84101.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

**David A. Sime**
**Clerk, U.S. Bankruptcy**
**Court**

# EXHIBIT J

**From:** Kasey Wright [mailto:kwright@centralutahlaw.com]
**Sent:** Thursday, July 08, 2010 1:45 PM
**To:** Brian Steffensen
**Subject:** Re: Construction Capital Lending v Bailey Notice of BK Filing

Mr. Steffensen:

In response to your email, we are looking into our client's responsibility regarding this matter.  The timing of the bankruptcy filing in relation to the garnishment creates interesting questions.  Such as does the money need to be returned to your client or the trustee?  We are looking into this issue and will reply to you as soon as possible.  However, as I am out of town tomorrow, I probably will not get back to you until next week.

Kasey L. Wright

On Thu, Jul 8, 2010 at 12:48 PM, Brian Steffensen <brian@steffensenlaw.com> wrote:

Mr. Wright


I understand that you are the senior attorney on this matter.  I sent an email to Morgan Cummings last night advising him that the Baileys have filed for Chapter 13 BK protection, and asking that all garnishments be released.  I also talked to Karen this morning about this same matter.  She had learned from one of the credit unions independently that the bk petition had been filed.


I request on behalf of the Baileys that your firm immediately advise all of the financial institutions from which you have attempted to garnish funds from the Baileys to release said garnishments and return the funds to the Baileys' accounts.  I believe that pursuant to the Bankruptcy Stay and applicable and associated regulations and rulings, you are required to do so.  Some years ago I was involved in a case where my client, an auto dealership, delayed in returning a repossessed car to the debtors, and even though they returned the car, Judge Boulden fined them $6k for failing to do so promptly upon demand.


Consequently, from personal experience I know that you are required to return these funds and to release

these garnishments in a timely fashion, and that they are to be released back to the Baileys' accounts since this is a Chapter 13 filing.

Please contact me if you have any questions in this regard. We would like to get this done today.  We wish to avoid any motions regarding this matter if at all possible.

Thank you for your consideration in these regards.

Brian W. Steffensen,  Consumer Rights Lawyer

**Steffensen Law Office**

448 E 400 S #100

Salt Lake City, Utah 84111

Tel 801 485 3707

Fax 801 485 7140

We Sue Abusive Creditors, Debt Collectors and Credit Bureaus

**We are not your attorneys unless we have a written fee agreement with you**

This e-mail message is intended only for the person to whom it was addressed and may contain attorney-client privileged and confidential information.  If you are not the intended recipient or the person responsible for delivering this e-mail to the intended recipient, or you have received this e-mail in error, please be advised that any dissemination, distribution, or duplication of this email is strictly prohibited.  If you have received this e-mail in error or you would like to OPT-OUT of receiving future emails from this address, please notify us immediately at (801) 485 3707.  You may also email your opt-out request by simply replying to this message and including your request to opt-out of future emails.  Thank you.  ADVERTISING MATERIAL.

--
HANSEN WRIGHT EDDY & HAWS
233 S. Pleasant Grove Blvd., Suite 202
Pleasant Grove, Utah 84062
Telephone: 801-224-2273
Facsimile: 801-224-2457

# EXHIBIT K

# HANSEN WRIGHT EDDY & HAWS, P.C.

## ATTORNEYS

233 SOUTH PLEASANT GROVE BLVD., SUITE 202
PLEASANT GROVE, UTAH 84062
TELEPHONE (801) 443-2380
FACSIMILE (801) 796-0984

JAMES "TUCKER" HANSEN
KASEY L. WRIGHT
MARK D. EDDY
BRIAN K. HAWS
MELISSA K. MELLOR
PAUL D. JARVIS
TIMOTHY G. MERRILL
LARAMIE D. MERRITT
KAREN ALLEN
MORGAN L. CUMMINGS
MATTHEW R. CRANE

July 8, 2010

Kevin R. Anderson, Trustee
405 South Main Street, Ste 600
Salt Lake City, Utah 84111

Re: Construction Capital Lending v. Mary Bailey, et al, Third District Court
(Bankruptcy Case No. 10-29128)

Dear Mr. Anderson:

I represent the Plaintiff in the above-referenced case in Third District Court. On July 6, 2010, I caused to have served several Writs of Garnishment on various credit union accounts of the Defendants. One day later, on July 7, 2010, the Defendants filed a Chapter 13 bankruptcy. One credit union, Jordan Credit Union, has already issued its Interrogatories indicating that they are holding $8,155.01. As of this date, I have not received the funds from the credit union and understand that the funds will need to be relinquished by virtue of the bankruptcy filing.

The debtors' counsel has contacted me and asked that I instruct Jordan Credit Union to release the garnished funds to them. What I am uncertain of, and therefore requesting your input as Trustee on this case, is my obligation to release the funds back to the debtors or to release the funds to you as Trustee.

I would greatly appreciate your response as soon as possible so I can release the funds to the appropriate person. Thank you for your assistance in this matter.

Sincerely,

HANSEN WRIGHT EDDY & HAWS, P.C.

KASEY L. WRIGHT
Attorney at Law

KLW/kg
c: Brian W. Steffensen

# EXHIBIT L

James "Tucker" Hansen, Bar No. 5711
Morgan L. Cummings, Bar No. 12482
HANSEN WRIGHT EDDY & HAWS, P.C.
233 South Pleasant Grove Blvd., Ste. 202
Pleasant Grove, Utah 84062
Telephone:  (801) 443-2380
Facsimile: (801) 796-0984
e-mail: thansen@centralutahlaw.com
         mcummings@centralutahlaw.com

*Attorneys for Defendants*

## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **In re:** | |
| **RONALD AND MARY BAILEY,** | Bankruptcy Case No. 10-29128 |
| Debtors. | Chapter 13 |
| **RONALD AND MARY BAILEY,** | Adversary Proceeding No. 10-02613 |
| Plaintiffs, | |
| vs. | **AFFIDAVIT OF KAREN GREENIG** |
| **CONSTRUCTION CAPITAL LENDING, INC., HANSEN WRIGHT EDDY & HAWS, P.C., KASEY WRIGHT, MORGAN CUMMINGS, and DOES 1-20,** | |
| Defendants. | |

STATE OF UTAH          )
                       :ss
COUNTY OF UTAH         )

KAREN GREENIG, being first duly sworn upon her oath, deposes and says that:

1

1.    I am a secretary at Hansen Wright Eddy & Haws, P.C., which represents the Defendant, Construction Capital Lending, Inc. ("CCL"), in a case filed by CCL in the Third District Court for the State of Utah (Case No. 090901940) ("Lawsuit").

2.    When one of the attorneys' working on the Lawsuit, Morgan L. Cummings, was able to get in contact with the Bankruptcy Trustee regarding certain garnished funds, I immediately began contacting all of the garnishees and instructed them to release the garnishments to the Debtors.

3.    However, because the Writs of Garnishment were signed and issued by the Court, the various garnishees requested a formal Release of Garnishment from the Defendants before they would release the garnishments to the Debtors.

4.    Consequently, Morgan L. Cummings immediately signed a Release of Garnishment, and I immediately sent the same to the various garnishees that same day (via facsimile and regular mail), which was July 14, 2010.

5.    Our office was subsequently notified by the Debtors, as well as some of the garnishees, that the garnished funds still had not been released. Consequently, I made multiple additional calls to said garnishees, and re-sent the Release of Garnishment to the same multiple times over the next few weeks (via facsimile and regular mail).

///

///

///

[ SIGNATURE AND NOTARIZATION TO FOLLOW ]

2

DATED this ___19___ day of May, 2011.

_____
KAREN GREENIG

SUBSCRIBED AND SWORN to before me this 7th day of May, 2011.

_____
NOTARY PUBLIC

SHUSTI DALLIN
NOTARY PUBLIC • STATE of UTAH
COMMISSION NO. 573265
COMM. EXP. 03/24/2012

3

# EXHIBIT  M

FILED
THIRD DISTRICT COURT

10 JUL 15 PM 4: 17

SALT LAKE DEPARTMENT

BY _____
DEPUTY CLERK

Kasey L. Wright - Bar No. 9169
Morgan L. Cummings - Bar No. 12482
HANSEN WRIGHT EDDY & HAWS, P.C.
233 S. Pleasant Grove Blvd., Ste 202
Pleasant Grove, UT 84062
Telephone:  (801) 443-2380
Facsimile:  (801) 796-0984

_Attorneys for Construction Capital Lending and Mark D. Eddy_

### IN THE THIRD JUDICIAL DISTRICT COURT OF SALT LAKE COUNTY

### SALT LAKE DEPARTMENT, STATE OF UTAH

| | |
|---|---|
| CONSTRUCTION CAPITAL LENDING, INC, a Utah Corporation, | **RELEASE OF GARNISHMENT** |
| Plaintiff, | Case No.  090901940 |
| vs. | Judge Sandra N. Peuler |
| MARY BAILEY; and RONALD BAILEY, | |
| Defendants. | |

TO: CLERK OF THE COURT

In the above-entitled action, the Writs of Garnishment issued on June 30, 2010 are hereby

withdrawn and the Clerk is requested to release said Writs.

DATED this 14th day of July, 2010.

HANSEN WRIGHT EDDY & HAWS, P.C.

MORGAN L. CUMMINGS
ATTORNEY FOR PLAINTIFF

# EXHIBIT N

2006 WL 4846389
Only the Westlaw citation is currently available.
United States Bankruptcy Court,
D. Utah.

In re CROCKER COMPANIES, INC.
dba City Title Insurance Agency dba
City Title Insurance Brokerage, Debtor.
Stephen W. Rupp, Trustee of the Bankruptcy
Estate of Crocker Companies, Inc., and R. Kimball
Mosier, Trustee of the Bankruptcy Estate of
Empire Investment Group, LLC, Plaintiffs,
v.
Martin Pool dba P & B Mortgage, P & B
Enterprises, and Does 1 through 15, Defendants.

Bankruptcy No. 03–22839.   Adversary
No. 04–2837.   Feb. 10, 2006.

**Attorneys and Law Firms**

Jeremy C. Sink, McKay Burton & Thurman, Salt Lake City, UT, for Plaintiff.

H. Thomas Stevenson, Ogden, UT, for Defendants Martin Pool and P & B Enterprises.

**Opinion**

### MEMORANDUM DECISION GRANTING TRUSTEE'S MOTION TO WITHDRAW ADMISSION AND DENYING P & B ENTERPRISES' MOTION FOR SUMMARY JUDGMENT

JUDITH A. BOULDEN, U.S. Bankruptcy Judge.

### JURISDICTION AND LEGAL STANDARD

*\*1* This is a core proceeding under 28 U.S.C. §§ 157(b)(2) (A), (E), (F), (H), and (O), and the Court may enter a final order. [1] Federal Rule of Bankruptcy Procedure 7056 makes summary judgment appropriate when, after consideration of the record, the Court determines that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." [2] In applying this standard, the Court examines the factual record in the light most favorable to the nonmoving party. [3] The party opposing summary judgment may not rely on mere allegations or denials in its pleadings or briefs, but must identify specific and material facts for trial and significant probative evidence supporting the alleged facts. [4] There is no genuine issue of fact "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." [5] The moving party has the burden of establishing that it is entitled to summary judgment. [6]

Based on the parties' representations at the hearing, Martin Pool's Motion for Summary Judgment was granted. [7] Thus, the only remaining matters are the Trustee's Motion to Withdraw Admission and Defendant P & B Enterprises' Motion for Summary Judgment. P & B requests summary judgment on all causes of action in the Amended Complaint because the transferred money was allegedly held in trust by the Debtor and, as such, was never property of the estate. P & B's motion is based solely upon the Trustee's alleged admission that the Debtor held the money in trust.

### TRUSTEE'S MOTION TO WITHDRAW ADMISSION

The Trustee, however, has moved to withdraw the alleged admission. As acknowledged by both parties, Federal Rule of Civil Procedure 36(b), incorporated into this proceeding by Federal Rule of Bankruptcy Procedure 7036, gives the Court discretion to allow withdrawal of an admission "when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal ... will prejudice that party in maintaining the action or defense on the merits." In addition to the *Bergemann* case cited by both parties that discusses Rule 36(b), [8] the Tenth Circuit has also spoken to Rule 36(b) more recently and in greater detail in *Raiser v. Utah County*. [9]

In *Raiser*, the Tenth Circuit stated that the first prong of the Rule 36(b) test "emphasizes the importance of having the action resolved on the merits, and is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." [10] Just as in *Raiser*, P & B's Motion for Summary Judgment is based solely on an admission—in this case, the Trustee's admission that the transferred funds were being held in trust and, as such, are not avoidable transfers because the funds were never property of the estate. Refusing to permit withdrawal of the Trustee's admission would thus "eliminate any presentation of the merits of the case" as to the nature and operation of the Checking Account and would not aid in resolving this matter based on the actual

circumstances of the case. The Court finds that the first prong of the test has been satisfied.

*2 As for the second prong of the Rule 36(b) test, the Tenth Circuit stated in *Raiser* that "[m]ere inconvenience does not constitute prejudice," nor does the fact that "the party who obtained the admission now has to convince the [trier of fact] of its truth." [11], Also, "preparing a summary judgment motion in reliance upon an erroneous admission does not constitute prejudice. The prejudice contemplated by Rule 36(b) relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted." [12]

Under the circumstances of this case, the Court is not satisfied that P & B has demonstrated the requisite prejudice. First, both the original and amended Complaints allege the Trustee's interest in the disputed funds and seek resolution of the dispute as to the relative interests of the Trustee and P & B. Thus, as in *Bergemann,* P & B knew or should have known that the Trustee was challenging the ownership of the disputed funds. Second, discovery in this proceeding does not close until May 15, 2006, so P & B has significant additional time to obtain evidence with which to defend this case on the merits. Finally, as stated by the Tenth Circuit, preparation of a summary judgment motion is insufficient prejudice to justify denial of an otherwise appropriate request to withdraw an admission.

Accordingly, the Court finds that both prongs of the Rule 36(b) test have been met and will exercise its discretion to grant the Trustee's Motion to Withdraw Admission.

## P & B'S MOTION FOR SUMMARY JUDGMENT

Because P & B's Motion for Summary Judgment is based solely on the Trustee's admission, the Court must deny summary judgment based on withdrawal of that admission. But even if the admission were not withdrawn, the Court would still deny summary judgment because the Trustee has sufficiently raised genuine issues of material fact as to the true nature and operation of the Checking Account. Additionally, even if the existence of a trust were presumed in this case, that fact alone would be insufficient as a matter of law to grant summary judgment in favor of P & B. More than the mere existence of a trust must be shown in order to exclude assets from property of the estate.

For all the foregoing reasons, the Trustee's Motion to Withdraw Admission is granted, and P & B's Motion for Summary Judgment is denied. The Trustee is hereby directed to prepare a separate order in accordance with the Court's ruling.

Footnotes

1   There is some question as to proper service in this case because there is no evidence of service of the amended Complaint and reissued summons on the docket and no Answer is on file from P & B Enterprises. Martin Pool, however, apparently filed two Answers—one to the original Complaint and one to the amended Complaint. When the Court brought this matter to the parties' attention at the hearing, both parties were surprised and were instructed to resolve the matter as necessary to clarify the record. In any event, the parties represented at the hearing that they are proceeding as if service on P & B was properly effected and that an Answer by P & B had been filed.

2   FED.R.CIV.P. 56(c).

3   *See Wolf v. Prudential Ins. Co. of Am.,* 50 F.3d 793, 796 (10th Cir.1995).

4   *Burnette v. Dresser Indus., Inc.,* 849 F.2d 1277, 1284 (10th Cir.1988).

5   *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

6   *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

7   Counsel for Martin Pool was directed at the hearing to prepare an order granting Martin Pool's Motion for Summary Judgment. The parties also stipulated that no factual or legal conclusions would be drawn from the entry of summary judgment as to Martin Pool.

8   *Bergemann v. U.S.,* 820 F.2d 1117 (10th Cir.1987).

9   409 F.3d 1243 (10th Cir.2005).

10   *Id.* at 1246 (internal quotes omitted).

11   *Id.* (internal quotes omitted).

12   *Id.* (internal quotes, diacritics, and citations omitted).

**End of Document**   © 2011 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT O

2009 WL 2485756
Only the Westlaw citation is currently available.
NOT FOR PUBLICATION
United States Bankruptcy Court,
D. Utah.

In re: Roger Scott BRYNER, Debtor.
Roger Scott Bryner, Plaintiff,
v.
Xilinx, Inc., Defendant.

Bankruptcy No. 07–23795.   Adversary
No. 08–2034.   Aug. 11, 2009.

**Attorneys and Law Firms**

Roger Bryner, Midvale, UT, Plaintiff, pro se.

Richard D. Flint, Holme, Roberts & Owen, Salt Lake City, UT, for Defendant.

**Opinion**

## MEMORANDUM DECISION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING DEBTOR'S CROSS MOTION FOR PARTIAL SUMMARY DISPOSITION, AND DISMISSING ADVERSARY PROCEEDING

BOULDEN, Bankruptcy J.

*\*1* Before the Court are two motions: Defendant Xilinx, Inc.'s (Defendant) Motion for Summary Judgment (Defendant's Motion) and Plaintiff Roger Bryner's (Debtor) Cross Motion for Partial Summary Disposition (Debtor's Cross–Motion).[1] Both motions request that the Court determine whether certain acts or omissions by the Defendant constituted willful violations of the automatic stay under 11 U.S.C. § 362(k).[2]

The Court took oral argument on the Motions at a hearing on July 13, 2009, and then took the matters under advisement. The Court has thoroughly reviewed the pleadings, considered the parties' arguments, and conducted an independent inquiry into applicable case law. Now being fully advised, the Court hereby issues the following Memorandum Decision.

### I. FACTS

The material facts in this adversary proceeding are undisputed.[3] The law firm of Cohne, Rappaport and Segal, P.C. (CRS) obtained a judgment against the Debtor in October 2006 and began to enforce that judgment through Writs of Continuing Garnishment issued by the Third District Court. Under such Writs of Continuing Garnishment, the Defendant as the Debtor's employer garnished a total of $9,332.73 between April 13, 2007 and August 15, 2007 that was still in the Defendant's possession as of the Debtor's chapter 13 petition date of August 16, 2007. The Debtor and CRS disputed entitlement to the garnished funds, and the Defendant continued to hold the garnished funds postpetition, transferring them neither to the Debtor nor to CRS.

The Debtor obtained an Order Staying Garnishment [sic] Due to Bankruptcy dated October 26, 2007 from the Third District Court which provided that "[a]ll garnishments by [CRS and Emily Smoak] are canceled effective August 16th 2007. Funds collected prior to that date are in the jurisdiction of the bankruptcy court. The parties and Xilinx corporation may obey any order of the bankruptcy court without regard to prior orders [of] this court."

Although the Defendant never attempted to interplead the garnished funds with this Court, the Defendant did attempt to transfer the funds to the chapter 13 trustee in December 2007;[4] however, the chapter 13 trustee refused to accept the funds.[5] The Defendant continued to hold the funds through (1) a claim objection proceeding involving the Debtor and CRS that was resolved only a few days before dismissal of the Debtor's chapter 13 case but that did not ultimately determine the parties' respective rights to the garnished funds; (2) the dismissal of the underlying chapter 13 case on March 20, 2008; and (3) subsequent state court proceedings finally resolving the competing claims to the garnished funds in July 2008. Following such resolution, the Defendant promptly turned over the garnished funds as directed by the parties and the Third District Court.[6]

### II. DISCUSSION

The Court has jurisdiction under 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2), and the Court may enter a final order.[7]

*\*2* Federal Rule of Civil Procedure 56(c), incorporated into this adversary proceeding by Federal Rule of Bankruptcy Procedure 7056, makes summary judgment appropriate "if

the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." [8] In applying this standard, the Court "examine[s] the record and all reasonable inferences that might be drawn from it in the light most favorable to the non-moving party." [9] There is no genuine issue of fact "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," [10] and "conclusory allegations that are unsubstantiated do not create an issue of fact and are insufficient to oppose summary judgment." [11] Summary judgment must issue against a party when that party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." [12]

Local Rule 7056–1(a) requires that "[a] memorandum in support of a motion for summary judgment must begin with a section that contains a concise statement of material facts as to which movant contends no genuine issue exists. The movant must number the factual statements and refer with particularity to the portions of the record supporting the motion." [13] A party opposing a proper summary judgment motion "may not rely merely on allegations or denials in its own pleadings; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." [14] In turn, Local Rule 7056–1(b) requires that "[t]he responding party must number each disputed fact, refer with particularity to the portions of the record upon which the party relies, and, if applicable, state the paragraph number of movant's disputed fact. Material facts of record that are set forth with particularity in movant's statement of facts and that meet the requirements of Fed. R. Bank. P. 7056 are admitted for the purpose of summary judgment unless specifically controverted by the statement of the opposing party." [15]

Finally, § 362(k) provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." [16] "[I]n order to demonstrate a violation of § 362(k)(1), the [D]ebtor bears the burden of establishing, by a preponderance of the evidence, that the [Defendant] knew of the automatic stay and intended the actions that constituted the violation; no specific intent is required." [17] The Debtor failed to identify which subsections of § 362(a) the Defendant

allegedly violated in either the Amended Complaint or the Debtor's Cross–Motion. [18]

As stated at the hearing on the Motions, the Debtor's essential substantive argument is that the Defendant's alleged stay violations were effectively demonstrated by the Third District Court's October 26, 2007 garnishment cancellation Order and/or the July 2008 Order and are "at [their] heart an issue of state law ... because the garnishments were under state law." [19] But the automatic stay is a unique creation of the Bankruptcy Code. And although property rights are generally determined by reference to state law, stay violation determinations under § 362(k) are core proceedings involving questions of federal law. [20] Indeed, that is a major reason that this Court determined in June 2008 that it should retain jurisdiction over the Debtor's stay violation claims even though the underlying chapter 13 case had been dismissed. [21] The Court is not aware of any cases in which a garnishee's postpetition retention of funds garnished prepetition pending resolution of a dispute over entitlement to those funds was held to constitute a stay violation under any subsection of § 362(a), nor does the Court believe that a stay violation occurred at any point in this case—particularly in light of the fact that the dispute over entitlement to the funds outlived the underlying chapter 13 case. [22]

*3 But even if state law governed this action, the Defendant acted in accordance with Utah law and all court orders. If objections to a garnishment are timely and appropriately lodged, Rule 64D(i) of the Utah Rules of Civil Procedure requires a garnishee such as the Defendant to "retain the property" and comply with court orders until such objections are resolved. [23] Furthermore, "[a] garnishee who acts in accordance with this rule, the writ or an order of the court is released from liability, unless answers to interrogatories are successfully controverted." [24] The Writ of Continuing Garnishment itself warns garnishees that "[i]f you do receive a Reply and Request for Hearing, you must hold the property until you receive further orders from the court directing you how to proceed. If you fail to take [this and other] steps, the court may hold you liable for the value of the property you should have withheld." The Third District Court's October 26, 2007 Order indicated that "[f]unds collected prior to [the petition date] are in the jurisdiction of the bankruptcy court. The parties and Xilinx corporation may obey any order of the bankruptcy court without regard to prior orders [of] this court." And although strictly irrelevant to this action, the Defendant even promptly complied with the post-dismissal

state court orders that finally resolved the issue of entitlement to the garnished funds. Short of filing an interpleader action under Federal Rule of Bankruptcy Procedure 7022, the Defendant did everything that could be expected of it under either state or federal law. [25]

It must be remembered that this is not a case where a party has failed to cease garnishing funds postpetition, to halt postpetition garnishment proceedings, or to return funds that were garnished postpetition; this case involves only a garnishee's postpetition retention of funds garnished prepetition pending resolution of the parties' dispute over entitlement to those funds. [26] Accordingly, and in light of the definition announced in the Tenth Circuit's controlling

"*Johnson I*" decision, the Court finds that the Defendant has not committed a willful violation of the automatic stay under § 362(k)(1). [27]

### III. CONCLUSION

For the foregoing reasons, the Court holds that the Defendant's postpetition retention of the garnished funds under the circumstances of this case did not constitute a violation of the automatic stay. Accordingly, the Defendant's Motion is GRANTED, the Debtor's Cross–Motion is DENIED, and this adversary proceeding is DISMISSED. The Court will issue an accompanying Order to this effect.

Footnotes

1    Although the Debtor did not file a separate response to the Defendant's Motion, the Court has treated the Debtor's Cross–Motion as both an independent motion for summary judgment and a response to the Defendant's Motion.

2    Future statutory references are to title 11 of the United States Code unless otherwise noted.

3    Along with vague references in the Amended Complaint to the Defendant's alleged postpetition actions foreing the Debtor to continue with the garnishment objection process, the Debtor's Cross–Motion alleges in ¶ 12 that "Defendant Xilinx through it's [sic] employee Tabitha Rose, after being notified by telephone of the bankruptcy case, required Roger Bryner to file the objection in state court and refused to turn over the funds to Defendant [sic]." The Debtor provided no support for any of these allegations other than his unsworn and opposed statement on the record at the July 13, 2009 hearing that Ms. Rose told him on the petition date that he should continue with the garnishment objection process anyway despite the bankruptcy case having been filed. Accordingly, the Court has not considered any such allegations in connection with either of these Motions, and the material facts are therefore deemed to be undisputed.

4    The Defendant also terminated the Debtor's employment in December 2007.

5    The Debtor filed six different chapter 13 plans between the petition date and dismissal of the case, all of which provided in one way or another that the disputed funds would be contributed to the plan for payment to creditors. A seventh plan providing for payment of the disputed funds directly to CRS was withdrawn.

6    The Third Cause of Action in the Amended Complaint also alleges stay violations by the Defendant based on a dispute over the return of property allegedly owned by the Defendant after termination of the Debtor's employment. The Debtor has not attempted to raise any issue with respect to this part of the Defendant's Motion. Accordingly, the Court will not set forth the relevant material facts of this property dispute but will simply indicate that those facts are undisputed and that summary judgment in the Defendant's favor will be granted on this issue.

7    The Debtor's main chapter 13 case was dismissed on March 20, 2008, but the Court retained jurisdiction over the stay violation claims in the Third Cause of Action in the Amended Complaint because such claims are properly heard by this Court. *Johnson v. Smith (In re Johnson)*,—— F.3d ——, 2009 WL 2386142 (10th Cir.2009) (*"Johnson II"*).

8    FED. R. CIV. P. 56(c).

9    *T–Mobile Cent., LLC v. Unified Gov't of Wyandotte County, Kansas City, Kan.*, 546 F.3d 1299, 1306 (10th Cir.2008) (internal quotes omitted).

10   *Weigel v. Broad*, 544 F.3d 1143, 1157 (10th Cir.2008) (*quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)) (internal quotes omitted).

11   *Harvey Barnett, Inc. v. Shidler*, 338 F.3d 1125, 1136 (10th Cir.2003) (internal quotes omitted).

12   *U.S. ex rel. Burlbaw v. Orenduff*, 548 F.3d 931, 944 (10th Cir.2008) (*quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)) (internal quotes omitted).

13   Local Rule of Practice 7056–1(a) of the United States Bankruptcy Court for the District of Utah.

14   FED. R. CIV. P. 56(e)(2).

15   Local Rule of Practice 7056–1(b) of the United States Bankruptcy Court for the District of Utah. Again, whether viewed as part of the response to the Defendant's Motion or as part of the support for the Debtor's Cross–Motion, the allegations that the Defendant

required the Debtor to continue postpetition with the garnishment objection process are wholly without support and are therefore insufficient for the Court to consider on summary judgment. *See supra* n. 3.

16   11 U.S.C. § 362(k)(1).

17   *Johnson v. Smith (In re Johnson)*, 501 F.3d 1163, 1172 (10th Cir.2007) (*"Johnson I"* ).

18   This alone could be considered a sufficient basis for granting the Defendant's Motion and denying the Debtor's Cross–Motion. It is not this Court's role to craft the Debtor's analyses or arguments, and the Debtor cannot "make a showing sufficient to establish the existence of an element essential to [his] case" without clarifying what elements of § 362(a) are at issue.

19   As phrased in the Debtor's Cross–Motion, the Debtor's argument is that "it is a violation of the Automatic Stay to not return the funds garnished after he declared bankruptcy, when under Utah law the garnishments were canceled by the filing."

20   *See, e.g., Koffman v. Osteoimplant Tech., Inc.,* 182 B.R. 115, 125–27 (D.Md.1995).

21   *See generally "Johnson II".*

22   As indicated in the Court's March 31, 2008 Order Related to Debtor's Objection to Claim No. 15 of Cohne, Rappaport & Segal, P.C., "any attempt to avoid CRS's asserted interest [in the garnished funds] or lien thereto must be adjudicated in a formal adversary proceeding."

23   UTAH R. CIV. P. 64D(i).

24   UTAH R. CIV. P. 64D(j)(1).

25   Of course, the Defendant attempted to transfer the garnished funds to the chapter 13 trustee pending resolution of the dispute between the Debtor and CRS, but the trustee refused to accept them. And the Court is not aware of any cases requiring that an interpleader action be filed under these circumstances, nor is it clear that such an action would have been sufficiently responsive to the Debtor's arguments regarding the Defendant's alleged stay violations in any event.

26   *Cf. Lawrence Athletic Club v. Scroggin (In re Scroggin),* 364 B.R. 772 (10th Cir. BAP2007) (holding that creditor's postpetition failure to release garnishment constituted a stay violation); *Larson v. Olympic Fin. Co. (In re Larson),* 21 B.R. 264 (Bankr.D.Utah 1982) (holding that certain garnishments were avoidable preferences and discussing the general procedure for garnishments in Utah under a prior version of Rule 64D).

27   But even if the Defendant did commit a willful violation of the automatic stay, the Debtor has not articulated in the Amended Complaint or otherwise what actual damages he sustained given that the total amount of the garnished funds was ultimately transferred as directed by the parties and the Third District Court in July 2008 after final resolution of the dispute. The Court can also discern no possible basis for punitive damages.

**End of Document**                    © 2011 Thomson Reuters. No claim to original U.S. Government Works.