**The below described is SIGNED.**



**Dated: July 15, 2011**



**R. KIMBALL MOSIER**
**U.S. Bankruptcy Judge**

---

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: | Bankruptcy Number:10-29128 |
| Ronald Bailey and Mary Bailey | |
| Debtors. | Chapter 13 |
| | Judge R. Kimball Mosier |
| Ronald Bailey and Mary Bailey, | |
| Plaintiffs, | Adversary Number: 10-02613 |
| v. | |
| Construction Capital Lending, Inc. Hansen Wright Eddy & Haws, P.C., Kasey Wright, Morgan Cummings and Does 1-20, | |
| Defendants. | |

### ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter came before the Court on the Defendants' Motion for Summary Judgment.  A

hearing was held on June 17, 2011 at 10:00 a.m.  Brian W. Steffensen appeared on behalf of the

Debtors, and Morgan L. Cummings appeared on behalf of the Defendants.  The Court heard oral

arguments in the matter.  Based upon the pleadings, arguments, material facts, and applicable

law, and good cause appearing,

**FINDINGS OF FACT**

1.      Prior to Debtors' Chapter 13 Petition, the Defendant, Construction Capital

Lending, Inc. (CCL), had obtained a Judgment against the Debtors in the Third District Court of

the State of Utah (Case No. 090901940).

2.      The Defendants, Mr. Wright, Mr. Cummings, and Hansen Wright Eddy & Haws,

P.C. (HWEH), represented CCL in the aforementioned lawsuit against the Debtors.

3.      Prior to the Debtors' Chapter 13 Petition, the Defendants had applied for, and

obtained, multiple Writs of Garnishment pursuant to CCL's aforementioned Judgment against the

Debtors.

4.      Prior to the Debtors' Chapter 13 Petition, the aforementioned Writs of

Garnishment had been sent for service, and many, if not all, of said garnishees were holding the

proper garnishments.

5.      Because of the aforementioned garnishments, the Debtors chose to file a Chapter

13 Bankruptcy Petition on July 7, 2010.

6.      That same evening, at approximately 5:42 p.m., the Debtors and their counsel

e-mailed Mr. Cummings to notify him of the bankruptcy.

7.      The Debtors through their counsel sent Mr. Wright an e-mail the next afternoon

(on July 8, 2010), to notify the Defendants of the Debtors' Chapter 13 Petition, and to request the

return of the garnishments directly to the Debtors.

2

8.      In response, Mr. Wright wrote back and stated that he was unsure of whether the garnished funds should be returned directly to the Debtors, or whether the funds should be delivered to the Trustee over the Debtors' bankruptcy.

9.      Mr. Wright stated that he would begin looking into the issue to resolve the matter, and provide a response as soon as possible;

10.     Mr. Wright immediately wrote to the Trustee over the Debtors' bankruptcy, Kevin R. Anderson, explaining the situation, and stated "[w]hat I am uncertain of, and therefore requesting your input as Trustee on this case, is my obligation to release the funds back to the debtors or to release the funds to you as Trustee.  I would greatly appreciate your response as soon as possible so I can release the funds to the appropriate person.".

11.     Mr. Wright, Mr. Cummings, and HWEH also made numerous phone calls to the Trustee's office, seeking direction as to the proper individual(s) to whom the garnishments should be released.

12.     On July 14, 2010 (only four (4) business days after being notified of the Debtors' Chapter 13 Petition), the Defendants were able to speak with a representative from the Trustee's office, who explained that the funds would not be released to the Trustee.

13.     The Defendants immediately contacted all of the garnishees and instructed them to release the garnishments to the Debtors.

14.     The Defendants drafted a Release of Garnishment and sent the same to the various garnishees that same day (July 14, 2010), and filed said Release with the Court in person the very next day.

## CONCLUSIONS OF LAW

The United States Bankruptcy Court for the District of Utah's holding in *Bryner v. Xilinix, Inc.* (*In re Bryner*), BANKR. 07-23795 2009 WL 2485756 at *3 (Bankr D. Utah, Adv. Proc. 08-2034, Aug. 11, 2009), is relevant to the present case, wherein the Honorable Judge Boulden held that "[i]t must be remembered that this is not a case where a party has failed to cease garnishing funds postpetition, to halt postpetition garnishment proceedings, or to return funds that were garnished postpetition".  In this case, the creditor took no further action with respect to garnishment, did not oppose any action by the debtor and simply maintained the status quo for four business days.  Moreover, even if the Defendants had an affirmative duty to release the garnishments, the Defendants did so in a timely manner.

Based upon the foregoing, the Court concludes that Defendants did not violate the automatic stay.  As a result, the Defendants are entitled to Judgment in their favor as a matter of law.

Therefore, based upon the foregoing, IT IS HEREBY ORDERED that:

1.        Defendants' Motion for Summary Judgment is GRANTED; and

2.        Debtors' Complaint is DISMISSED WITH PREJUDICE.

-------------------------------------------END OF DOCUMENT--------------------------------------

4

_____ooo0ooo_____

## SERVICE LIST

Service of the foregoing ORDER GRANTING DEFENDANTS'S MOTION FOR
SUMMARY JUDGMENT will be effected through the Bankruptcy Noticing Center to the
following parties:

Brian W. Steffensen
Steffensen Law Office
448 East 400 South, Suite 100
Salt Lake City, UT 84111

James Tucker Hansen
Morgan L. Cummings
Hansen Wright Eddy & Haws P.C.
233 South Pleasant Grove Blvd
Suite 202
Pleasant Grove, UT 84062