**The below described is SIGNED.**

**Dated: August 04, 2011**

_____
**R. KIMBALL MOSIER
U.S. Bankruptcy Judge**



## IN THE UNITED STATES BANKRUPTCY COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **In re:** <br><br> **RONALD AND MARY BAILEY,** <br><br> Debtors. | Bankruptcy Case No. 10-29128 <br><br> Chapter 13 |
| **RONALD AND MARY BAILEY,** <br><br> Plaintiffs, <br><br> vs. <br><br> **CONSTRUCTION CAPITAL LENDING, INC., HANSEN WRIGHT EDDY & HAWS, P.C., KASEY WRIGHT, MORGAN CUMMINGS, and DOES 1-20**, <br><br> Defendants. | Adversary Proceeding No. 10-02613 |

### MEMORANDUM DECISION DENYING DEBTORS' MOTION TO RECUSE

An oral motion to recuse was brought by Ronald and Mary Bailey (Debtors) during a hearing conducted on June 17, 2011, concerning a motion for summary judgment brought by Construction Capital Lending, Inc.; Hansen Wright Eddy & Haws, P.C.; Kasey Wright; Morgan Cummings; and

Does 1-20, the (Defendants). At the hearing, Brian W. Steffensen appeared on behalf of the Debtors, and Morgan L. Cummings appeared on behalf of the Defendants.

Although the motion to recuse was brought by oral motion, the Court finds that because the motion was brought in the adversary proceeding only and not in the main bankruptcy case, that notice to parties present at the hearing was sufficient and that no notice to the parties in interest involved in the Debtor's main bankruptcy case was necessary.

With no written motion, the Court must base its ruling upon the reasons articulated in the Debtor's oral argument. Those reasons, as stated by Debtors' counsel are: (1) that the Court was "angry" with Debtor's counsel and cut-off counsel's argument with questions from the Court; (2) that the Court ruled on the motion for summary judgment without permitting Debtor to finish its oral argument, and (3) that the Court was biased against the Debtor. Nowhere in the record, do the Debtors allege or raise any specific facts beyond those described above, and nowhere do the Debtors allege any extrajudicial source of impartiality as the basis for the motion to recuse.

"Disqualification [of a judge] places a substantial burden on the moving party to demonstrate that the judge is not impartial . . . ." *In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004). The standard to disqualify a judge is whether a reasonable person, knowing all the relevant facts, would doubt the judge's impartiality. *Id.* In applying the test, the initial inquiry is whether a reasonable factual basis exists for calling the judge's impartiality into question. *Id.* "Factors that *do not* merit disqualification include: rumor, speculation, beliefs, conclusions, or other non-factual matters . . . ." *Estate of Bishop v. Equinox Int'l Corp.*, 256 F.3d 1050, 1058 (10th Cir. 2001). Further, for alleged bias and prejudice to be disqualifying, the bias or prejudice must typically originate from an extrajudicial source. *See Liteky v. United States*, 510 U.S. 540, 553–54 (1994). Nothing argued by the Debtors suggests the existence of an extrajudicial source of bias or prejudice. Pursuant to 28

U.S.C. § 455(a), the Court finds no personal bias or prejudice, financial interest and no personal knowledge of disputed evidentiary facts concerning the proceeding, and finds no proper legal grounds to recuse. "[A] judge has [a] strong . . . duty to sit when there is no legitimate reason to recuse . . . ." *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995).

Having analyzed the reasons for recusal, the Court concludes that the Debtors' oral motion of June 17, 2011, to recuse should be denied.

-------------------------------------------End of Document -------------------------------------------

_____ooo0ooo_____

## SERVICE LIST

Service of the foregoing **Memorandum Decision Denying Motion to Recuse** will be effected through the Bankruptcy Noticing Center to the following parties.

Brian W. Steffensen
Steffensen Law Office
448 East 400 South
Suite 100
Salt Lake City, UT 84111

James Tucker Hansen
Morgan L. Cummings
Hansen Wright Eddy & Haws
233 S. Pleasant Grove Blvd.
Suite 202
Pleasant Grove, UT 84062