**The below described is SIGNED.**

**Dated: August 04, 2011**

_____
**R. KIMBALL MOSIER**
**U.S. Bankruptcy Judge**



# IN THE UNITED STATES BANKRUPTCY COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **In re:** | |
| **RONALD AND MARY BAILEY,** | Bankruptcy Case No. 10-29128 |
| Debtors. | Chapter 13 |
| **RONALD AND MARY BAILEY,** | |
| Plaintiffs, | Adversary Proceeding No. 10-02613 |
| vs. | |
| **CONSTRUCTION CAPITAL LENDING, INC., HANSEN WRIGHT EDDY & HAWS, P.C., KASEY WRIGHT, MORGAN CUMMINGS, and DOES 1-20**, | |
| Defendants. | |

**MEMORANDUM DECISION
REGARDING MOTION TO AMEND FINDINGS**

On June 17, 2011, a motion for summary judgment brought by Construction Capital Lending, Inc.; Hansen Wright Eddy & Haws, P.C.; Kasey Wright; Morgan Cummings; and Does 1-20, the (Defendants) was heard before the Court. At the hearing, Brian W. Steffensen appeared

on behalf of the Debtors and Plaintiffs, Ronald and Mary Bailey (Debtors), and Morgan L. Cummings appeared on behalf of the Defendants. An Order granting summary judgment in favor of the Defendants and dismissing the Debtors' complaint with prejudice was entered on July 15, 2011. In response to the Order granting summary judgment, Debtors filed a pleading titled "Objection to Order on Motion for Summary Judgment and Rule 7052 Motion to Amend or Add Findings to the Order" (Motion to Amend) on July 29, 2011. Debtors' Motion to Amend sounds in two causes: (1) that during the hearing of June 17, 2011, the Debtors orally moved for recusal, which motion was not considered by the Court, and (2) that the Court's Order granting Defendants' motion for summary judgment did not deal with all that occurred at the hearing.

With respect to the motion to recuse, the Court has prepared a separate memorandum decision and order which fully addresses the Debtors' motion to recuse.

With respect to Debtors' Motion to Amend, the Court will amend and add findings to its Order granting summary judgment based upon the pleadings before the Court including the Debtors' Motion to Amend.

## ADDITIONAL FINDINGS OF FACT

In addition to those findings set forth in the Court's Memorandum Decision and Order entered July 15, 2011, the Court finds that summary judgment was appropriate because the record revealed that there were no genuine issue as to any material fact and that the Defendants were entitled to a judgement as a matter of law. *See Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996). In doing so, the Court examined the factual record in the light most favorable to the Debtors, extending to that party all reasonable factual inferences. The Court found that Defendants had borne the burden of showing the absence of a genuine issue of material fact and that the Debtors had failed

to bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which the Debtors must carry their burden of proof.

Addressing the Motion to Amend wherein Debtors argue their oral argument was prematurely terminated, the Court points out that a motion for summary judgment is a motion based upon the pleadings, affidavits, and other evidence submitted. *See* Fed. R. Civ. P. 56(c). Any exchange of words between counsel and the Court at the hearing of June 17, 2011, did not change or waive the Debtors' obligation to proffer probative evidence that would sustain the Debtors' objection to the motion for summary judgment.

The Defendants provided evidence to the Court to successfully support their motion by filing affidavits and documentation. Debtors filed no declarations, affidavits or other documentation in opposition to the motion for summary judgment.

Defendants met their burden for summary judgment through this evidence. Once met, the burden shifted to the Debtors, as the nonmovant to set forth specific facts from which the Court could find that a genuine issue of material fact existed or that the Defendants were not entitled to judgment as a matter of law. *See Jenkins*, 81 F.3d at 990 (citing *Vitkus v. Beatrice Co.*, 11 F.3d 1535, 1539 (10th Cir. 1993)). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated [in the Debtors' responsive pleadings]. *Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303, 1309 (10th Cir. 2007). The Debtors failed to proffer probative evidence to sustain their objection to summary judgment. "To defeat a motion for summary judgment, evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise." *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). A court should grant summary judgment if the non-moving party fails to provide

3

probative evidence on an element of its claim upon which it bears the burden of proof. *Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1183 (10th Cir. 1995).

The Motion to Amend does not address the substance of the Court's summary judgment ruling—it does not bring forth newly discovered evidence or point to any probative evidence which weighs against the Court's ruling. Disputes as to non-material facts are not important and do not bar the entry of summary judgment. *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989).

-------------------------------------------End of Document -----------------------------------------

_____ooo0ooo_____

## SERVICE LIST

Service of the foregoing **Memorandum Decision Regarding Motion to Amend Findings** will be effected through the Bankruptcy Noticing Center to the following parties.

Brian W. Steffensen
Steffensen Law Office
448 East 400 South
Suite 100
Salt Lake City, UT 84111

James Tucker Hansen
Morgan L. Cummings
Hansen Wright Eddy & Haws
233 S. Pleasant Grove Blvd.
Suite 202
Pleasant Grove, UT 84062